52 A.3d 84

**Luat D. DUCKETT, M.D., et al.**

v.

**Raenora RILEY.**

**No. 61, Sept. Term, 2007.**

Court of Appeals of Maryland.

Aug. 29, 2012.

472

Robert W. Goodson (Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Washington, D.C.), on brief, for Petitioner.

C. William Michaels, Baltimore, MD, on brief, for Respondent.

La'Vern D. Wiley (Allen T. Eaton of Eaton Law Firm, PLLC, Washington, D.C.), on brief, for Respondent.

Argued before BELL, C.J., RAKER *, HARRELL, BATTAGLIA, GREENE, ALAN M. WILNER, (Retired, Specially Assigned), DALE R. CATHELL, (Retired, Specially Assigned), JJ.

BELL, C.J.

The respondent, Raenora Riley, filed, in the Circuit Court for Prince George's County, a medical negligence action against the petitioner, Luat D. Duckett, M.D. The issue we must resolve is essentially a procedural one: whether a com-

---

* Raker, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, she also participated in the decision and adoption of this opinion.

pleted case information report, on which an election of a jury trial is noted and which is filed with the complaint, but not served on the opposing party, is a proper vehicle for demanding a jury trial. The Court of Special Appeals held that it was and, therefore, reversed the judgment of the Circuit Court, which had reached the opposite result. For the reasons that follow, we conclude that a case information report form, being neither a "paper" nor a "pleading" and, in any event, having not been served on the opposing party, is neither a proper nor timely means of demanding a civil jury trial pursuant to Maryland Rule 2–325(a) and (b).[1] Accordingly, we shall reverse the judgment of the Court of Special Appeals.

## I. FACTS

The respondent filed her complaint on November 12, 2003. The complaint did not contain a prayer for jury trial—there was no separately titled demand in the conclusion of the complaint immediately preceding the required certificate of service. Contemporaneously with the complaint, she filed a civil non-domestic case information sheet, a pre-printed form, which she completed. On that form was a section for jury demand and boxes, indicating "yes" and "no", in which trial preference, jury or non-jury, could be noted. The respondent placed an x mark in the "yes" box indicating she was electing a jury trial. A photocopy of the respondent's completed case information sheet was not included with the summons, which the Clerk of the Circuit Court delivered to the respondent, to be served, with her complaint, on the petitioner. As a result, the respondent served the petitioner with the summons and complaint only; the petitioner was unaware of the choice of

---

1. Maryland Rule 2–325 provides:

"(a) Demand. Any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor in writing either as a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service.

"(b) Waiver. The failure of a party to file the demand within 15 days after service of the last pleading filed by any party directed to the issue constitutes a waiver of trial by jury."

trial mode that the respondent made on the information report.

Nearly four months after the respondent filed her complaint, the Clerk sent a scheduling order to the parties. That order indicated that the trial was to be a jury trial. Unaware, because it had not been served on him, that the jury-trial box on the case information sheet had been checked when it was filed with the court, the petitioner moved to amend the scheduling order to reflect that the trial would be a bench trial. The respondent filed a written opposition to the motion, in which she pointed out that she had opted for a jury trial by checking the "yes" box in the jury demand section of the case information report. After a hearing, the judge denied the petitioner's motion to amend the scheduling order, concluding that the respondent had properly demanded a jury trial, notwithstanding that the case information report on which the election was made had not been served on the petitioner. He reasoned:

"In this case the Defendants urge because the 'separate paper' requesting Trial by Jury was not served upon them, the Jury Demand is waived. The Court does not agree. Plaintiff's counsel complied with the Rules by signing the Information Report and making a Demand for Jury Trial on a separate paper. The Clerk failed to comply with the mandatory duty to include a copy of that paper with the process the Clerk issued. This does not, standing alone, constitute a waiver of the Plaintiff's constitutional right to a Trial by Jury."

The case was called for trial before a different judge. The petitioner renewed his objection to the case being tried by a jury and to the respondent's jury demand, to which the respondent again objected. The trial judge agreed with the petitioner. Overruling the hearing judge, he explained:

"Rule 2–325(a) states that any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor in writing either as a separate paper or

separately titled at the conclusion of a pleading and immediately preceding any required certificate of service.

"Defendant focuses on the second alternative. Plaintiff focuses on the first alternative.

"Clearly, the civil information report is not a pleading as defined by the rules. The question is whether it qualifies as a writing as a separate paper.

"The purpose of the civil non-domestic case information report is contained in Rule 16–202(b). And that purpose is for the Court to monitor its case management plan.

"Consequently, I find based on my review of the Rules that the request for trial by jury in a civil non-domestic case information report is insufficient to place the defendant on notice that trial by jury is requested. And this will be a Court trial."

At the conclusion of the bench trial, the trial judge entered judgment on the merits in favor of the petitioner.

The respondent timely noted an appeal to the Court of Special Appeals. That court, in an unreported opinion, reversed the judgment of the Circuit Court, concluding that the dual purpose of Rule 2–325—to place the opposing party on strategic notice that a jury trial has been demanded and to notify the court system so that it may facilitate the appropriate case-assignment procedure—had been met.[2] Regarding the former purpose, the court pointed out that the petitioner was "fully apprised" of the respondent's jury demand well before trial: he received the Clerk's scheduling order, which indicated that a jury trial had been demanded and scheduled and, having failed in his attempt to amend that order from a jury trial to a bench trial, had over two years to prepare for the jury trial. Significantly, the court believed, the petitioner did not complain about the mode of trial until the case was called for trial. The latter purpose of the Rule was satisfied,

---

**2.** The Court of Special Appeals also expressed concern about the timing of the petitioner's renewed objection before trial, characterizing it as sudden, causal, and untimely. The court concluded, as well, that the petitioner was not prejudiced by the respondent's "defects in form."

the intermediate appellate court opined, when the respondent notified the Circuit Court management system of her jury demand, causing the Clerk to schedule a jury trial early in the course of the proceedings.[3] Therefore, the intermediate appellate court held that the trial court abused its discretion by striking the respondent's jury-trial demand and proceeding with a bench trial.

The petitioner timely filed a petition for writ of certiorari, which we granted. 401 Md. 172, 931 A.2d 1095 (2007). We now consider whether a civil case information report constitutes a "paper" pursuant to Rule 2–325(a), and whether, by checking the "yes" box in the jury-demand section of that report, and filing it with the complaint, a proper election of a jury trial was made, even though the case information report was not served on the defendant.

## II. STANDARD OF REVIEW

This case requires, first, that we construe, and interpret, "paper" as used in Maryland Rule 2–325(a). We are mindful that

> "the principles applied to statutory interpretation are also used to interpret the Maryland Rules. Like construing a statute, to ascertain the meaning of a ... rule of procedure we first look to the normal, plain meaning of the language. If that language is clear and unambiguous, we need not look beyond the provision's terms to inform our analysis; however, the goal of our examination is always to discern the legislative purpose, the ends to be accomplished, or the evils to be remedied by a particular ... part of the Rules. To

---

**3.** One member of the Court of Special Appeals' panel filed a separate, concurring opinion, disagreeing with the majority's conclusion that a case information report was a "paper" within the meaning of Rule 2–325(a). In her view, a party to a civil case ordinarily cannot elect a jury trial by checking a box on a case information report form. She concurred in the result, however, on the basis of the "strange confluence of events" in the case, *i.e.,* the erroneous decision by the, hearing judge and the length of time that the petitioner was aware that he would face a jury trial.

that end, we must consider the context in which the . . . rule appears, including related statutes or rules, and relevant legislative history. Also, where the language of the rule is ambiguous, external evidence may be referred to for discerning the purpose of the legislature, including the bill's title or function paragraphs, relevant case law, and secondary sources."

*Davis v. Slater*, 383 Md. 599, 604–05, 861 A.2d 78, 81 (2004) (internal citations omitted). This is a purely legal inquiry; therefore, we construe Rule 2–325(a) without giving deference to the intermediate appellate court's interpretation. *Id.,* 383 Md. at 604, 861 A.2d at 81 (citing *J.L. Matthews, Inc. v. Md.– Nat'l. Capital Park & Planning,* 368 Md. 71, 93–94, 792 A.2d 288, 301 (2002) (discussing whether, after a successful jury demand, amending the amount in controversy below the jurisdictional threshold of the circuit court eliminates the right to a civil jury trial)).

██ Maryland Rule 1–201(a) provides that "[t]hese rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." Moreover, "When construing . . . rules, we must bear in mind that they are 'precise rubrics,' established to promote the orderly and efficient administration of justice, and thus are to be strictly followed." *In re Kaela,* 394 Md. 432, 471, 906 A.2d 915, 938 (2006) (quoting *Gen. Motors Corp. v. Seay,* 388 Md. 341, 356, 879 A.2d 1049, 1057 (2005)) (internal quotation marks omitted).

### III. DISCUSSION

Articles 5 [4] and 23 of the Maryland Declaration of Rights enshrine the right to a civil jury trial. *Goldstein & Baron Chartered v. Chesley,* 375 Md. 244, 255, 825 A.2d 985, 991 (2003). Article 23 provides specifically, "[t]he right of trial by Jury of all issues of fact in civil proceedings in the several

---

**4.** Article 5 makes clear, "[t]hat the Inhabitants of Maryland are entitled to the trial by Jury, according to the course of that law. . . . Md. Dec. Rts., art. 5.

Courts of Law in this State, where the amount in controversy exceeds the sum of $15,000, shall be inviolably preserved." Md. Dec. Rts., art. 23. Although "inviolably preserved," the right to have a civil jury trial may be regulated reasonably: " '[I]ndeed, it is generally acknowledged that [the right to a trial by jury] can, for all practical purposes, become meaningless to the individual and burdensome to the state unless the exercise of it is regulated to some extent.' " *Bringe v. Collins*, 274 Md. 338, 350, 335 A.2d 670, 678 (1975) (quoting *Houston v. Lloyd's*, 241 Md. 10, 14, 215 A.2d 192, 194 (1965)).

Maryland Rule 2–325 codifies, and regulates, the Maryland constitutional right to a civil jury trial. Rule 2–325 provides:

"(a) Any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor in writing either a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service.

"(b) The failure of a party to file a demand within 15 days after service of the last pleading filed by any party directed to the issue constitutes a waive of trial by jury."

Maryland Rule 2–325(a) instructs that a party may elect a jury trial by demanding it in either a separate paper or a separately titled paragraph at the conclusion of a pleading. Thus, to be entitled to a jury trial, a party must file a demand in writing, either as a part of a pleading in the manner and location prescribed by § (a) or by "separate paper, and, as Rule 2–325(b) instructs, within 15 days after service of the last pleading on the issue by a party. Failure to meet the time or manner requirement results in waiver of the jury trial right.

The Maryland Rules do not define the word, "paper." Nevertheless, we can state with certainty that "paper" is not equivalent to, or encompassed in, "pleading", which is defined in Md. Rule 1–202(t). Referring to that definition, a "paper" is not "a complaint, a counterclaim, a cross-claim, a third-party complaint, an answer, an answer to a counterclaim, cross-claim, or third-party complaint, a reply to an answer, or a charging document as used in Title 4." Nor is a completed

case information report form a "pleading." Moreover, Rule 2–325(a) refers to both "paper" and "pleading" as proper vehicles for a jury trial election. Were they synonymous, that would not have been necessary—the Rule likely would have provided that the jury trial election or demand could be made in a "separate pleading."

The critical question to be answered is whether a case information report is, or can be, a "paper." That does not appear to be either the common understanding of the Maryland Bar and Bench, the hearing judge notwithstanding, or the ordinary and plain-language meaning of "paper." *See Davis*, 383 Md. at 604–05, 861 A.2d at 81. During oral argument, we asked the respondent's counsel, "Has it been your practice, when you want a jury trial, not to file a separate request for one, but to simply check a box on the information report?" The respondent's counsel answered that it was not. That is not surprising, as indeed, the Court of Special Appeals, which held in favor of the respondent, acknowledged that the respondent's use of the case information report was not "a textbook way of filing the request for a jury trial." The petitioner's concession and the intermediate appellate court's acknowledgment strongly suggest that the plain meaning of "paper", as used in Rule 2–325(a) does not embrace a civil case information report.

Although not defined, the "case information sheet" is well known to the Maryland Rules. Maryland Rule 2–112(a)[5] requires the Clerk to issue a summons for each defendant and deliver it and a copy of each paper filed, along with a blank copy of the information report form to the plaintiff. Thus, because the Rule refers to both "paper" and "information report", the term "paper" does not embrace a case information

---

**5.** Maryland Rule 2–112(a) provides:

"(a) Summons. Upon the filing of the complaint, the clerk shall issue forthwith a summons for each defendant and shall deliver it, together with a copy of each paper filed and a blank copy of the information report form required to be provided by Rule 16–202b, to the sheriff or other person designated by the plaintiff. Upon request of the plaintiff, more than one summons shall issue for a defendant."

report. Similarly with Rule 2–111(b), it states that "for each summons to be issued, the plaintiff shall furnish to the clerk a copy of the complaint, a copy of each exhibit or other *paper* filed with the complaint, *and* a copy of *the information report* specified in section (a) of this Rule." (Emphasis added).

The court-management provisions of the Maryland Rules, and especially Rule 16–202, provide insight into the purpose of an information report. Rule 16–202(b)(1) places the responsibility on the County Administrative Judge to develop, and upon approval by the Chief Judge of the Court of Appeals, implement and monitor a case management plan. Rule 16–202(b)(3) requires "the Clerk [to] make available to the parties, without charge, a form approved by the County Administrative Judge, that will provide information necessary to implement the case management plan" *and* admonishes that "[t]he information contained in the information report *shall not be used for any purpose other than case management.*" (Emphasis added.) It follows, therefore, that a case information report is intended, *inter alia,* to assist the Clerk and the court in scheduling actions in the court promptly and efficiently. It is not intended to be an original vehicle, and, in fact, is separate from the methodology, for asserting the constitutional right to a jury trial. *Cf. Corbin v. Ark. Best Corp.,* No. 2:08CV00006JLH, 2009 WL 707407, *4, 2009 U.S. Dist. LEXIS 20989, *10 (E.D.Ark.2009) (concluding that by checking the jury-demand box on court-provided cover sheet, plaintiff did not make a jury demand "because the civil cover sheet does not replace or supplement the filing and service of pleadings and other papers.").

This is consistent with the legislative intent, another relevant interpretive consideration, *see Davis,* 383 Md. at 604–05, 861 A.2d at 81, the reason the Court's Standing Committee on Rules of Practice and Procedure (the Rules Committee) proposed, and this Court promulgated, Maryland Rule 2–325. The relevant Rules Committee minutes, as well as Rule 2–325's historical annotation, suggest that, in addition to notifying the court system of a party's jury demand, service on the

opposing side of that jury demand, or, at a minimum, notice to it, is necessary.

During a meeting, on January 4, 1980, the Rules Committee discussed some of the language—"any party may elect a trial by jury . . . by filing a demand therefor"—that ultimately was codified as rule 2–325(a). At that meeting, Judge Paul Niemeyer, the co-author of the *Maryland Rules Commentary*, suggested that the word "filing" be replaced by the words "serving upon the other party." Standing Committee on Rules of Practice and Procedure, Minutes from Jan. 4, 1980 Meeting. Although the Rules Committee did not adopt Judge Niemeyer's amendment, his comment makes clear that serving a jury demand on, or giving notice to, an opposing party was an implicit purpose of Rule 2–325.

This point, that a purpose of the Rule is to ensure that service or notice of a jury demand be made on, or given to, the opposing party or parties, is buttressed by the derivation of, and historical annotation to, Maryland Rule 2–325(a). Rule 2–325(a) derives from Rule 343(a) [6] and the 1966 version of the Federal Rule of Procedure 38(b). That Rule provided, "On any issue triable of right by a jury, a party may demand a jury trial by: . . . *serving the other parties with a written demand*—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served. . . ." Fed. R. Proc. 38(b)(1) (1966) (emphasis added). Although it does not track exactly the language emphasized above, it follows, nevertheless, that *filing*, as used in Rule 2–325(a), encompasses the concept of service, that the Rule requires a party to serve on or give notice to opposing parties, of a jury demand. Thus, considered in light of its plain

---

**6.** *Impala Platinum, Ltd. v. Impala Sales (U.S.A.), Inc.*, 283 Md. 296, 313, 389 A.2d 887, 898 (1978):

"An action at law shall be tried before the court without a jury unless an election be made, in person or by attorney, for a jury as hereinafter provided. Such election shall be in writing separate and distinct from the body of the pleadings but may be included at the end of any pleading with an appropriate heading, and, where a certificate of service is required, immediately preceding same."

meaning, the context of its use in Rule 2–325, and the legislative intent of the Rule, the term "paper" ordinarily does not encompass a case information report. In this case, the respondent's misstep also was that she did not timely serve a copy of the information report upon the opposing party.[7]

We conclude that the respondent waived her right to a jury trial. Rule 2–325(a) requires a party to demand a jury trial in a pleading or, alternatively, in a separate paper, which Rule 2–325(b) requires to be filed within 15 days after service of the last pleading filed by any party directed at the issue. Because a case information report is neither a paper nor a pleading, and, in any event, it was not served on the defendant in this case, the respondent did not demand a jury timely, pursuant to Rule 2–325(a), when she filed her complaint. And, because the respondent filed nothing else, certainly, no demand for jury trial, after the petitioner filed his last relevant pleading, his answer to the respondent's complaint, she waived her right to pray a civil jury trial. *See Bringe v. Collins*, 274 Md. 338, 348–49, 335 A.2d 670, 677–78 (1975) (holding that defendant who failed to demand jury trial waived that right); *Deyesu v. Donhauser*, 156 Md.App. 124, 128 n. 1, 846 A.2d 28, 30 n. 1 (2004) (noting that appellants waived their right to a jury trial because they failed to file a demand within 15 days from the filing of the last pleading in the case); *see also Corbin v. Ark. Best Corp.*, 2009 WL 707407 at *4, 2009 U.S. Dist. LEXIS 20989 at *10 (concluding that plaintiff waived her right to a jury trial when her only method of demanding a jury trial was checking a box on a complaint cover sheet).

We do not agree with the respondent that the notice the petitioner received in this case with regard to her jury election was sufficient. That notification was given and accomplished, she submits, when the petitioner learned, albeit approximately four months after she filed her complaint, that she intended to

---

7. It is, of course, an open question, and one we need not answer, whether, if the civil non-domestic case information sheet had been served successfully and timely on the petitioner, the outcome in this case would have been different.

demand a jury trial and, in fact, did indicate that intention on the case information report that she filed with her complaint. She buttresses her case by pointing out that, after receiving that initial notice, the petitioner remained on notice that he would be facing a jury trial for two years before trial. This argument minimizes one of the purposes of Rule 2–325 and the importance it places on putting opposing parties on notice of a jury demand.

To be valid, both purposes of Rule 2–325 must be served, the party must timely and properly demand a jury trial. In this case, it was nearly four months after the respondent filed her complaint and purported to elect a jury trial on the case information report that the petitioner learned of the purported election, when the Clerk mailed to the parties a scheduling order, setting the case for trial by jury. Not having receiving a jury demand in accordance with the Rules and, thus, without any affirmative evidence that the respondent had demanded a jury trial, the petitioner challenged the Clerk's designation by filing a motion to amend the scheduling order to correct what he perceived to be a mistake. That it was not a mistake became clear only when the respondent, in her opposition to the motion, argued that, although not served on the petitioner, she had demanded a jury trial by noting that preference on the case information report.

The respondent argues that Maryland law " 'evidences an intent to preserve and favor the jury trial right.' " *Davis,* 383 Md. at 607 n. 8, 861 A.2d at 83 n. 8 (quoting Paul V. Niemeyer, et al., *Maryland Rules Commentary,* 227 (3d.2003)). We do not quarrel with this proposition; however, omitted from the quotation is the fact that the *Rules Commentary* recognized the law's preservation of the jury-trial right arises " '[o]nce a jury trial is properly elected by a party.' " *Id.* The respondent did not elect a jury trial properly or timely; she did not make her demand in her pleading or in a separate paper, which was served timely upon the other side. Therefore, as the *Maryland Rules Commentary* notes, the respondent's "failure to file a demand in accordance with Rule 2–325(a) constitutes a waiver of the right." Niemeyer, et al., *supra,* at 225.

The respondent reminds us that "[m]ere defects of form will not be construed to operate as a waiver in the absence of a showing of prejudice." Niemeyer, et al., supra, at 225. Indeed, the petitioner candidly conceded that he was not prejudiced by the respondent's method of jury-trial demand. This concession does not alter the correct analysis. This is particularly the case given the respondent's substantial defects in form and substance.

The respondent relies on *Vogel v. Grant*, 300 Md. 690, 481 A.2d 186 (1984) (discussing the predecessor rule to Md. Rule 2–325) and *Gregory W. Dallas, P.C. v. Envtl. Health Assoc., LTD*, 77 Md.App. 350, 550 A.2d 422 (1988) (discussing Md. Rule 3–325(c)),[8] which she says support her position and entitle her to prevail. In *Vogel*, the defendants filed their jury-trial demand on a "Please" form, a state-supplied form, 300 Md. at 692–93, 481 A.2d at 187, which, unlike a case information report, was intended to be used by a party to request a jury trial, postponement, evidence discovery or to make other procedural demands. *See id.* That form, no longer in use today, did not contain a certificate of service to be completed, although then Rule 306 required that one be filed. *Vogel*, 300 Md. at 693, n. 1, 481 A.2d at 187, n. 1. The defendants did not include a certificate of service with their jury demand, *Vogel*, 300 Md. at 693, 481 A.2d at 187, but contemporaneous with filing the "Please" form, they mailed their jury-trial demand to the plaintiff, who received it. *Vogel*, 300 Md. at 692–93, 481 A.2d at 187. On appeal, the plaintiff argued that the missing certificate of service rendered the defendants' jury demand nugatory. *Vogel*, 300 Md. at 701, 481 A.2d at 192. We disagreed, stating that the absence of a certificate of service on the jury-trial demand "did not prejudice the plaintiff.... He was actually served with the document and recognized that it was a demand for a jury trial." *Vogel*, 300 Md. at 701, 481 A.2d at 192.

---

8. Maryland Rule 2–325(c) provides:
   "(c) Actions from district court. When an action is transferred from the District Court by reason of a demand for jury trial, a new demand is not required."

In *Dallas v. Environmental Health Associates,* the defendants in a case filed in the District Court filed a jury-trial demand, which they included in their notice of intention to defend. 77 Md.App. 350, 353, 550 A.2d 422, 423–24 (1988). The District Court Clerk transferred the case to the Circuit Court, pursuant to Maryland Rule 3–325(c).[9] *Dallas,* 77 Md. App. at 353, 550 A.2d at 424. The plaintiff moved in the District Court to strike the jury-trial demand, but did not, as required by Maryland Rule 3–325(c), base it on either the timeliness or the appropriateness of the plaintiff's jury-trial demand. *Dallas,* 77 Md.App. at 353–54, 550 A.2d at 423–24. The plaintiff then filed a second motion to strike, this one in the Circuit Court. *Dallas,* 77 Md.App. at 353–54, 550 A.2d at 423–24. The Court of Special Appeals concluded that the District Court did not have jurisdiction to rule on the plaintiff's initial motion to strike and that the plaintiff's second motion to strike was filed too late. *Dallas,* 77 Md.App. at 356, 360, 550 A.2d at 425, 427. In explaining its conclusion, the intermediate appellate court stated,

> "[T]here is no question but that appellee was served with [defendants'] demand for jury trial and recognized it as such as demonstrated by its filing, in the District Court, a motion to strike it. Thus, [plaintiff] was not prejudiced by the defects in the demand. And while [plaintiff] filed a motion in [D]istrict [C]ourt, thereby indicating its intention to seek the striking of the demand, and it also filed the same motion in the [C]ircuit [C]ourt, it did not do so in a timely fashion."

*Dallas,* 77 Md.App. at 361, 550 A.2d at 428.

*Vogel* and *Dallas* are inapposite. The respondent's method of demanding a jury trial was not a mere defect in form; her

---

**9.** Maryland Rule 3–325(c) provides:

"Transmittal of record to circuit court. When a timely demand for jury trial is filed, the [C]lerk shall transmit the record to the Circuit Court within 15 days. At any time before the record is transmitted, pursuant to this section, the District Court may determine, *on motion or on its own initiative, that the demand for jury trial was not timely filed or that the action is not triable of right by a jury."* (Emphasis added).

default was substantive. In *Vogel* and *Dallas,* the parties asserted their jury demand in either a notice of intent to defend (a pleading) or in a Please form (a paper). Although they alleged defects in the jury-trial demands, the opposing parties, in both cases, were served timely with, and were aware of, evidenced by their motions to strike, the jury demand. In this case, the record shows that the respondent made her jury-trial demand in neither a paper nor a pleading and, further exacerbating the situation, the case information report was not served on the petitioner by either the respondent or the Clerk. The petitioner did not become aware of the respondent's purported jury-trial demand until well after the time by which a proper jury demand could have been filed, and served, by operation of Rule 2–325(b), when he received the respondent's written opposition to his motion to correct the scheduling order.

Because the respondent demanded a jury trial by means of a case information report, which is neither a "paper" nor a "pleading" and which, in any event, was not served on the petitioner, her jury trial election was defective. *Vogel* and *Dallas* provide no basis on which to save it.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTION TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.**