**REPORTED**
IN THE COURT OF SPECIAL APPEALS
OF MARYLAND
No. 1231
September Term, 2013

LISY CORPORATION

v.

McCORMICK & CO., INC., ET AL.

Krauser, C.J.,
Berger,
Kenney, James. A., III
  (Retired, Specially Assigned),

JJ.

Opinion by Berger, J.

Filed: October 7, 2014

This is an appeal from a bench trial resulting in judgment in favor of the defendants-appellees, McCormick & Company, Inc. and Mojave Foods Corporation (collectively, "McCormick") and against the plaintiff-appellant, Lisy Corporation ("Lisy").[1] Lisy presents three questions for our consideration,[2] which we have consolidated and rephrased as a single issue:

> Whether a completed case information report, on which an election of a jury trial is noted and which is filed with the complaint and served on the opposing party, is a proper vehicle for demanding a jury trial.

---

[1] The trial court entered judgment in favor of Lisy against defendant Barry A. Adams in the amount of $41,841.00 and costs. That judgment is not at issue in this appeal.

[2] This issues, as presented by Lisy, are:

1. Did Lisy properly demand its constitutional right to a jury trial when the law at the time of the filing of its complaint in February 2011 recognized the validity of Lisy having demanded a jury by checking the appropriate box in the [case information report] and serving it on all defendants?

2. Did Lisy ever voluntarily and intentionally relinquish its constitutional right to a jury trial?

3. Did the Circuit Court err by relying on the Court of Appeals' decision in *Duckett v. Riley*, 428 Md. 471 (Md. 2012), to deprive Lisy of its properly-demanded right to a jury trial even though (a) the *Duckett* ruling was expressly limited to a situation involving a [case information report] that had never been served on the opposing party, and (b) the Court of Appeals expressly left open the question of whether the outcome would be different if the plaintiff had served the [case information report], precisely as Lisy did here?

For the reasons that follow, we conclude that checking the "jury demand" box on the case information report is not a proper demand for a jury trial. Accordingly, we shall affirm the judgment of the Circuit Court for Howard County.

## FACTS AND PROCEEDINGS

This case arose out of a business and employment dispute between Lisy, McCormick, and Barry A. Adams ("Adams"). Lisy is a manufacturer and distributor of various spices, seasonings, herbs, snacks, and chiles throughout the United States. McCormick is a manufacturer and distributor of seasonings, herbs, condiments, ethnic foods, desserts, and other specialty items. Mojave is a subsidiary of McCormick. Mojave has two brands that directly compete with Lisy.

Adams was an employee of Lisy and held the position of "Territory Manager." Adams's territory included Maryland, Virginia, the District of Columbia, and parts of Pennsylvania. His responsibilities included overseeing Lisy's customers and customer accounts in the territory and maintaining contact with Lisy's customers in order to sell Lisy products to customers within the territory.

Lisy claimed that Adams abandoned his work for Lisy and began working for McCormick in violation of his employment contract. Lisy filed a complaint against Adams and McCormick on February 28, 2011 in the Circuit Court for Howard County, alleging, *inter alia*, tortious interference with contract, tortious interference with business relations, and breach of Adams's employment contract. Along with its complaint, Lisy also filed a

2

civil non-domestic case information report, which was subsequently served on all of the defendants. On the case information report, Lisy checked the "yes" box in the jury demand section.[3] Lisy did not file any separate document demanding a jury trial.

On April 11, 2012, Lisy filed an amended complaint, adding a claim for violation of the Maryland Uniform Trade Secrets Act. The amended complaint made no mention of a demand for jury trial, and Lisy did not file any separate document demanding a jury trial.

On July 25, 2012, the circuit court issued a notice scheduling the case for a jury trial on September 17, 2012. A separate order from the court, also issued on July 25, 2012, clarified that the trial would actually begin on September 18, 2012 because Rosh Hashanah fell on September 17, 2012. This was the first indication from the court that the case would be scheduled as a jury trial.[4]

On August 29, 2012, the Court of Appeals issued its opinion in *Duckett v. Riley*, 428 Md. 471 (2012). *Duckett* involved a case in which a party checked the "yes" box for "jury demand" on a case information report which was filed with the court but not served on the opposing party. The party in *Duckett* did not file a separate demand for a jury trial. The

---

[3] The civil non-domestic case information report is a case management form which requests that a party check various boxes regarding the nature of the action, damages sought, anticipated length of trial, and other similar information. There is a line for "case name" and "case number" and a section to select whether the form was filed by the plaintiff or defendant. Directly under the line for "case name" is a section that provides "JURY DEMAND" with a box labeled "Yes" and a box labeled "No."

[4] Lisy made isolated references to a jury trial in its motion to dismiss intervenors (filed on June 20, 2012), as well as in its response to McCormick's motion for summary judgment (filed on July 2, 2012).

Court of Appeals construed Maryland Rule 2-325(a) and concluded that the case information report form was neither a "paper" nor a "pleading" under the rule, "and, in any event, having not been served on the opposing party, is neither a proper nor timely means of demanding a civil jury trial." *Id.* at 473.

Shortly after the decision of the Court of Appeals in *Duckett*, McCormick filed a "Motion to Confirm Non-Jury Proceeding" on September 6, 2012. Adams joined McCormick's motion on September 10, 2012, and Lisy filed an opposition to McCormick's motion on September 11, 2012. McCormick filed a reply on September 12, 2012.

On September 13, 2012, the trial judge's chambers telephoned the parties and informed them that the case would proceed as a non-jury trial and that the reasons for the court's decision would be placed on the record at the start of trial on September 18, 2012. When the parties appeared for trial on September 18, 2012, the trial court provided its findings and ruling on McCormick's motion. Applying *Duckett*, the trial court found that the case information report was not a pleading or a paper as contemplated by Maryland Rule 2-325 and that Lisy had waived its right to a jury trial under Rule 2-325.

Lisy moved to postpone the trial in order to seek appellate review of the court's ruling on the jury demand issue. The acting administrative judge granted Lisy's motion for postponement on September 18, 2012. Lisy subsequently filed a petition for a writ of mandamus in the Court of Appeals, asking that it order the circuit court to overturn the trial

4

judge's decision and schedule a jury trial. The Court of Appeals denied Lisy's petition on November 15, 2012 without a written opinion.

The circuit court rescheduled the non-jury trial for April 15, 2013. The trial took place over ten days between April 15 and April 26, 2013. At the conclusion of Lisy's case, the circuit court denied the defendants' motions for judgment as a matter of law. Following trial, the circuit court issued a memorandum opinion on July 22, 2013, entering judgment in favor of McCormick against Lisy. The circuit court found in favor of Lisy against Adams, entering judgment against Adams in the amount of $41,841.00 and costs.

This appeal followed.

## STANDARD OF REVIEW

The Court of Appeals set forth the standard of review appellate courts should apply when construing Maryland Rule 2-325(a) in *Duckett*, *supra*, as follows:

> This case requires, first, that we construe, and interpret, "paper" as used in Maryland Rule 2-325(a). We are mindful that
>
> > "the principles applied to statutory interpretation are also used to interpret the Maryland Rules. Like construing a statute, to ascertain the meaning of a . . . rule of procedure we first look to the normal, plain meaning of the language. If that language is clear and unambiguous, we need not look beyond the provision's terms to inform our analysis; however, the goal of our examination is always to discern the legislative purpose, the ends to be accomplished, or the evils to be remedied by a particular . . . part of the Rules. To that end, we must consider the context in which the . . . rule

5

> appears, including related statutes or rules, and relevant legislative history. Also, where the language of the rule is ambiguous, external evidence may be referred to for discerning the purpose of the legislature, including the bill's title or function paragraphs, relevant case law, and secondary sources."
>
> *Davis v. Slater*, 383 Md. 599, 604–05, 861 A.2d 78, 81 (2004) (internal citations omitted). This is a purely legal inquiry; therefore, we construe Rule 2-325(a) without giving deference to the intermediate appellate court's interpretation. *Id.*, 383 Md. at 604, 861 A.2d at 81 (citing *J.L. Matthews, Inc. v. Md.-Nat'l. Capital Park & Planning*, 368 Md. 71, 93-94, 792 A.2d 288, 301 (2002) (discussing whether, after a successful jury demand, amending the amount in controversy below the jurisdictional threshold of the circuit court eliminates the right to a civil jury trial)).

*Duckett*, *supra*, 428 Md. at 476-77.

The Court of Appeals further emphasized that the Maryland Rules must be carefully construed and strictly followed, explaining as follows:

> Maryland Rule 1-201(a) provides that "[t]hese rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." Moreover, "**When construing . . . rules, we must bear in mind that they are 'precise rubrics**,' established to promote the orderly and efficient administration of justice, and **thus are to be strictly followed**." *In re Kaela*, 394 Md. 432, 471, 906 A.2d 915, 938 (2006) (quoting *Gen. Motors Corp. v. Seay*, 388 Md. 341, 356, 879 A.2d 1049, 1057 (2005)) (internal quotation marks omitted).

*Duckett*, *supra*, 428 Md. at 477 (emphasis supplied).

6

**DISCUSSION**

**I.    The Right to a Civil Jury Trial and the Court of Appeals's Decision in *Duckett***

Under the Maryland Declaration of Rights, litigants hold a constitutional right to a jury trial in certain civil cases. *Duckett*, *supra*, 428 Md. 471. Article 23 of the Maryland Declaration of Rights provides the following: "The right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of $15,000, shall be inviolably preserved." Article 5 of the Maryland Declaration of Rights provides that "[t]he parties to any civil proceeding in which the right to a jury trial is preserved are entitled to a trial by jury of at least 6 jurors." The Court of Appeals has explained, however, that the constitutional right to a jury trial may be reasonably regulated:

> Although "inviolably preserved," the right to have a civil jury trial may be regulated reasonably: "'[I]ndeed, it is generally acknowledged that [the right to a trial by jury] can, for all practical purposes, become meaningless to the individual and burdensome to the state unless the exercise of it is regulated to some extent.'" *Bringe v. Collins*, 274 Md. 338, 350, 335 A.2d 670, 678 (1975) (quoting *Houston v. Lloyd's*, 241 Md. 10, 14, 215 A.2d 192, 194 (1965)).

*Duckett*, *supra*, 428 Md. at 478.

Maryland Rule 2-325 sets forth the procedure by which a party is entitled to demand a jury trial in civil cases as follows:

> (a)  Any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor in writing either as a

7

separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service.

(b) Waiver. The failure of a party to file the demand within 15 days after service of the last pleading filed by any party directed to the issue constitutes a waiver of trial by jury.

Accordingly, the Court of Appeals has explained that, "to be entitled to a jury trial, a party must file a demand in writing, either as a part of a pleading in the manner and location prescribed by § (a) or by 'separate paper,['] and, as Rule 2-325(b) instructs, within 15 days after service of the last pleading on the issue by a party. Failure to meet the time or manner requirement results in waiver of the jury trial right." *Duckett*, *supra*, 428 Md. at 478.

In *Duckett*, the Court of Appeals addressed whether a case information report constitutes a "paper" or "pleading" under Maryland Rule 2-325(a). The Court easily concluded that a case information report was not a "pleading," noting that Maryland Rule 1-202(t)[5] defined a "pleading" as "a complaint, a counterclaim, a cross-claim, a third-party complaint, an answer, an answer to a counterclaim, cross-claim, or third-party complaint, a reply to an answer or a charging document as used in Title 4." *Duckett*, *supra*, 428 Md. at 478-79.

In considering whether a case information report could be considered a "paper," the Court observed that the Maryland Rules did not define the term "paper." *Id.* at 478. The Court noted, however, that a case information report was not a paper under "the common

---

[5] The definition of the term "pleading" is now found in Maryland Rule 1-202(u). The actual definition is unchanged.

8

understanding of the Maryland Bar and Bench . . . or the ordinary and plain language of the meaning of 'paper.'" *Id.* at 479. The Court further emphasized that respondent's counsel had acknowledged, at oral argument, that it was not his general practice to "simply check a box [for jury demand] on the information report" rather than to "file a separate request for" a jury trial. *Id.* Accordingly, the Court of Appeals concluded that the plain meaning of "paper" did not include a case information report. *Id.*

The Court of Appeals also considered the use of the term "paper" elsewhere in the Maryland rules, concluding that because Maryland Rule 2-112(a)[6] refers separately to a "paper" and an "information report," "the term 'paper' does not embrace a case information report." *Duckett*, *supra*, 428 Md. at 479-80. Similarly, the Court observed that Maryland Rule 2-111(b)[7] requires a plaintiff to "furnish to the clerk a copy of the complaint, a copy of each exhibit or other *paper* filed with the complaint, *and* a copy of *the information report*

[6] Maryland Rule 2-112(a) provides:

> (a) Upon the filing of the complaint, the clerk shall issue forthwith a summons for each defendant and shall deliver it, together with a copy of each paper filed and a blank copy of the information report form required to be provided by Rule 16-202 b, to the sheriff or other person designated by the plaintiff. Upon request of the plaintiff, more than one summons shall issue for a defendant.

[7] Maryland Rule 2-111(b) provides:

> For each summons to be issued, the plaintiff shall furnish to the clerk a copy of the complaint, a copy of each exhibit or other paper filed with the complaint, and a copy of the information report specified in section (a) of this Rule.

specified in section (a) of this Rule." *Duckett*, *supra*, 428 Md. at 480 (emphasis supplied by the *Duckett* Court).

Critically, the Court addressed the purpose of the case information report, concluding that the case information report "is intended, *inter alia*, to assist the Clerk and the court in scheduling actions in the court promptly and efficiently. It is not intended to be an original vehicle, and, in fact, is separate from the methodology for asserting the constitutional right to a jury trial." *Id.* In reaching this conclusion, the Court emphasized that Maryland Rule 16-202(b)(3) "admonishes that '[t]he information contained in the information report *shall not be used for any purpose other than case management*.'" (Emphasis supplied by the *Duckett* Court.) The Court considered the legislative intent and historical annotation of Rule 2-325, emphasizing that "a purpose of the Rule is to ensure that service or notice of a jury demand be made on, or given to, the opposing party or parties." Having considered the plain language of the term "paper," the common understanding of the term by the Maryland Bar and Bench, the context of the use of the term in other rules, and the legislative intent of the rule, the Court held that "the term 'paper' ordinarily does not encompass a case information report." *Id.* at 482. Accordingly, the Court held that "[b]ecause a case information report is neither a paper nor a pleading, and, in any event, it was not served on the defendant in this case, the respondent did not demand a jury timely, pursuant to Rule 2-325(a), when she filed her complaint." *Id.*

To be sure, the factual circumstances presented in *Duckett* differ from the factual circumstances present here. In *Duckett*, the case information report was never served upon the defendant, *id.* at 473-74, while in the present case, Lisy served the case information report on all of the defendants. We recognize that the *Duckett* Court noted that it remained "an open question, and one [the Court] need not answer, whether, if the civil non-domestic case information sheet had been served successfully and timely on the petitioner, the outcome in this case would have been different." *Id.* at 482 n. 7.

## II.    The Question Left Open by *Duckett*

Lisy urges us to answer the question left open by *Duckett* in its favor and hold that a properly-served case information report is a separate paper through which a party can validly demand a jury trial under the Maryland rules. In support of its assertion, Lisy points to cases interpreting Federal Rule of Civil Procedure 38, which regulates jury trial demands in federal courts, noting that *Favors v. Coughlin*, 877 F.2d 219 (2d Cir. 1989) is "the seminal decision in this area." In *Favors*, *supra*, the United States Court of Appeals for the Second Circuit held that a "timely served civil cover sheet on which the 'Jury Demand' box is checked can, without more, constitute a proper jury trial demand." 877 F.2d at 220.

We note, however, that the relevant federal rule differs significantly from Maryland Rule 2-325. Fed. R. Civ. P. 38(b)(1) provides that a party may properly demand a jury trial by "serving the other parties with a written demand -- which may be included in a pleading -- no later than 14 days after the last pleading directed to the issue is served." The federal

11

rule does not require that a demand be made "in writing either as a separate paper or separately titled at the conclusion of a pleading" as set forth by Maryland Rule 2-325(a). Because the federal rule is not analogous to Maryland Rule 2-325, we decline to rely upon the federal courts' interpretations of Fed. R. Civ. P. 38.

Lisy further contends that at the time its complaint was filed in February 2011, the law "allowed the use of [case information report]s to demand jury trials." In support of this assertion, Lisy points to our unreported opinion in *Riley v. Duckett*, No. 1242, Sept. Term 2006 (filed May 23, 2007) and an unreported federal memorandum opinion in *Lu v. Johnson*, CIV. CBD 06-1105, 2010 WL 672935 (D. Md. Feb. 19, 2010). Maryland Rule 1-104 explicitly provides that "[a]n unreported opinion . . . is neither precedent within the rule of stare decisis nor persuasive authority."[8] *See also Kendall v. Howard County*, 204 Md. App. 440, 445 n.1 *aff'd*, 66 A.3d 684 (2013) ("Under Rule 32.1(a) of the Federal Rules of Appellate Procedure, after January 1, 2007, a United States Court of Appeals may not prohibit a party from citing an unpublished opinion of a federal court for its persuasive value or any other reason. However, it is the policy of this Court in its opinions not to cite for persuasive value any unreported federal or state court opinion."). Accordingly, any reliance upon either *Riley* or *Lu* is misplaced.

---

[8] Nothing in the record indicates that Lisy actually relied upon *Riley* when it checked the "jury demand" box on the case information report. We note further that, at the time the present case was initiated, *Duckett* was pending before the Court of Appeals. *See Duckett v. Riley*, 401 Md. 172 (2007) (granting certiorari on September 12, 2007).

12

**III. Whether Lisy Properly Demanded a Jury Trial Pursuant to Rule 2-325.**

Our analysis focuses on the language of Maryland Rule 2-325, as interpreted by the Court of Appeals in *Duckett*. As discussed *supra*, a party may request a jury trial "by filing a demand therefor in writing either as a separate paper or separately titled at the conclusion of a pleading." Md. Rule 2-325(a). Based upon the plain language of the term "paper," the common understanding of the term by the Maryland Bar and Bench, the context of the use of the term in other rules, and the legislative intent of the Maryland Rule 2-325, "the term 'paper' ordinarily does not encompass a case information report." *Duckett*, *supra*, 428 Md. at 482. We see no reason to depart from the Court of Appeals's decision in *Duckett*, especially when Maryland Rule 2-325(a) could not be easier to follow.

Further, Lisy has presented no compelling authority in support of its position that when a case information report is served, it becomes a "paper" under Maryland Rule 2-325. Indeed, in *Duckett* the Court of Appeals emphasized that "the respondent made her jury-trial demand in neither a paper nor a pleading and, further exacerbating the situation, the case information report was not served on the petitioner by either the respondent or the Clerk." 428 Md. at 486. The Court's holding that the case information report was not a paper was not dependent upon the fact that the case information report was not served. Rather, as the Court explained, the lack of service served to "exacerbat[e]" the situation. *Id.* Accordingly,

13

we hold that, as in *Duckett*, Lisy presented its jury demand in neither a paper nor a pleading and thereby failed to comply with the requirements of Rule 2-325.[9]

It is well-settled that the Maryland rules are "precise rubrics" which are required "to be strictly followed." *In re Kaela*, *supra*, 394 Md. at 471. Maryland Rule 2-325 requires that a party demand a civil jury trial in a "paper" or "pleading." As discussed *supra*, a case information report is neither a paper nor a pleading. Inasmuch as Lisy did not strictly follow the requirements of Maryland Rule 2-325, Lisy's jury demand was defective.

## IV. Waiver

Lastly, we address Lisy's contention that McCormick waived its right to object to Lisy's defective jury trial demand. Lisy asserts that any "purported procedural defect" in is jury demand should have been readily apparent to McCormick at the time the case information report was served. According to Lisy, because McCormick did not move to strike the demand or object to the scheduling of the case as a jury trial, it waived any objection to proceeding with a jury trial. McCormick responds that the first indication from

---

[9] To be sure, the CIR form could set forth more clearly its effects. The CIR -- which is used by *pro se* parties as well as by attorneys -- contains no advisement that checking the "jury demand" box is insufficient to demand a jury trial. We note, however, that a CIR requests a wide variety of information that must also be contained elsewhere in filed pleadings and/or papers as required by the Maryland Rules. For example, the CIR requires that a party indicate the damages sought. By answering that question on the CIR, a party has not prayed a specific amount of damages in accordance with the Maryland Rules. Instead, a party must comply with Maryland Rule 2-305 and include an *ad damnum* clause in any "pleading that sets forth a claim for relief."

the circuit court that a jury trial would be scheduled occurred on July 25, 2012.[10] McCormick

asserts that it "properly availed itself of [the] opportunity" to object by filing its Motion to

Confirm Non-Jury Proceeding on September 6, 2012. We agree with McCormick and

conclude that the objection to proceeding with a jury trial was not waived.

In support of its waiver argument, Lisy relies primarily on the case of *Vogel v. Grant*,

300 Md. 690 (1984), in which the defendants filed a jury-trial demand on a "Please" form.

The "Please" form was a state-supplied form which "was intended to be used by a party to

request a jury trial, postponement, evidence discovery or to make other procedural demands."

*Duckett*, *supra*, 428 Md. at 484 (citing *Vogel*, *supra*, 300 Md. at 692-93). The defendants

did not include a certificate of service with their jury demand, as required by Rule 306, which

was in effect at the time. *Vogel*, *supra*, 300 Md. at 693. The defendants did, however, mail

their jury trial demand to the plaintiff. *Id.* at 693. After receiving the jury trial demand, the

plaintiff filed a motion to strike the defendants' jury trial demand. *Id.* at 693.

Critically, however, the plaintiff filed the motion to strike in district court after the

case had already been removed to the circuit court. *Id.* at 701. The plaintiff did not file

anything in the circuit court asserting defects in the form for requesting a jury trial. *Id.* The

Court of Appeals explained that, "[u]nder the circumstances," because the plaintiff "was

---

[10] We are persuaded by McCormick's contention that McCormick's filing of proposed voir dire and jury instructions was not an acknowledgment that a jury trial would occur. After the circuit court scheduled a jury trial, McCormick was required to file proposed voir dire and jury instructions, which were due prior to the circuit court's ruling on McCormick's motion to confirm a non-jury trial.

15

actually served with the document *and recognized that it was a demand for a jury trial*" but failed to file an objection in the proper court, the plaintiff's objection to the jury trial demand was waived. *Id.* at 701-02 (emphasis supplied). Unlike *Vogel*, in the present case, there is no indication that McCormick recognized that the case information report was a demand for a jury trial. Nor did McCormick err by filing an objection in the incorrect court. Furthermore, we are unpersuaded that *Vogel* requires a particular time frame for objecting to defective jury trial demands.

Because Lisy demanded a jury trial by filing a case information report, which is neither a "paper" nor a "pleading," its jury trial demand that it noted on the court information report was defective. Accordingly, the circuit court properly proceeded with a non-jury trial.[11]

> **JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

[11] In light of our disposition, we need not address McCormick's alternate contention that Lisy's complaint and case information report were a "nullity" under Maryland law because Lisy was not registered to do business in Maryland at the time of filing. Furthermore, finding no error, we need not address whether any alleged error is harmless.

16