McDONALD, J.,
dissenting.
In Duckett v. Riley, 428 Md. 471, 52 A.3d 84 (2012), this Court held that a party in a civil case did not make a proper jury demand under Maryland Rule 2-325 simply by checking off a box for a jury trial on a case information report that was never served on the opposing party. But the Court was clear on what it was not deciding in that case:
It is, of course, an open question, and one we need not answer, whether, if the civil non-domestic case information sheet had been served successfully and timely on the petitioner, the outcome in this case would have been different.
428 Md. at 482 n. 7, 52 A.3d 84 (emphasis added). We granted a writ of certiorari in this case to answer the unanswered question in Duckett.
The Majority opinion makes the best argument that can be mustered for answering “no.” But, in my view, that argument is not persuasive. The language, history, and purposes of Rule 2-325—and, indeed, some of the Majority opinion’s reasoning—all support the opposite conclusion.

*231
This Case

As the Majority opinion accurately recounts, in early 2011, Lisy Corp. (“Lisy”) filed a civil action against McCormick & Co., Inc. (“McCormick”).[1] Lisy promptly served McCormick with the complaint and an attached case information report (“CIR”) in which it had checked the “Yes” box in a part of the CIR entitled “JURY DEMAND.” One and a half years later, on the eve of trial, McCormick first objected to the jury demand on the ground that Lisy had used the wrong format for making its jury demand.
McCormick does not claim lack of notice of Lisy’s jury demand. Indeed, McCormick’s counsel has conceded that it had timely notice of the jury demand and suffered no prejudice. McCormick only quibbles with the format—an objection that it raised belatedly after giving every indication it was prepared for a jury trial.[2] Thus, we are faced with the question left open in Duckett.

Constitutional Right to a Jury Trial and its Regulation

Under the Maryland Constitution, a party in a civil case in a Maryland state court has a right to a jury trial when the amount in controversy exceeds $15,000. Maryland Declaration of Rights, Articles 5, 23; see also Maryland Rule 2-511(a). There is a similar right under the federal constitution for litigants in civil cases in federal court. United States Constitution, Amendment YII. In both federal and Maryland trial *232 courts, the exercise of the constitutional right to a jury trial is regulated by court rules.

The Language and History of Rule 2-325

Court rules govern how and when a party is to assert the constitutional right to a jury trial. For the federal system, the United States Supreme Court adopted Federal Rule of Civil Procedure 38. That rule provides, in pertinent part, that a party may demand a jury trial in a civil case by “serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served ____” Federal Rule of Civil Procedure 38(b). If a party fails to file and serve a timely jury demand, the party is deemed to have waived its right to a jury trial. Federal Rule of Civil Procedure 38(d).
For Maryland courts, this Court has adopted a similar rule explicitly based on Federal Rule 38(b).[3] The Maryland version provides that a party may demand a jury trial in a civil case by “filing a demand therefor in writing either as a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service .... ” Maryland Rule 2-325(a). The rule further requires that the demand be filed “within 15 days after service *233 of the last pleading filed by any party directed to the issue [to be tried by a jury].” Maryland Rule 2-325(b). Similar to the federal rule, failure to make a timely jury demand constitutes a waiver of the right to a jury trial. Id.

The Purposes of the Rule

The requirement of a jury demand is not intended simply to burden the exercise of the jury trial right or to create hurdles to its invocation. These rules have a specific purpose, as any regulation should. Consider the common elements of the federal and Maryland rules:
1— documentation—The jury demand must be made in writing. An oral demand or a statement to the court or to an opposing party does not suffice. The jury demand must be documented in writing so that all parties will know how the case is to be tried.
2— timing of notice—The jury demand must be made early in the action—within about two weeks after the last pleading concerning the issue on which a jury trial is sought. The rules are thus designed to ensure that the trial court, and all parties, are aware early in the litigation, that a party has invoked its constitutional right and that the matter will be tried before a jury. The manner in which parties pursue discovery and other pre-trial matters may be shaped by whether the matter will be tried as a bench or a jury trial.
3 —flexible format—Neither rule dictates a precise format for a written jury demand—consistent with the policy of not burdening the constitutional right. Both rules allow for a jury demand to be included in a pleading, but neither requires it. The federal rule uses the all-encompassing term “written demand” (which may be a pleading); the Maryland rule states that a written demand not contained in a pleading may be filed “as a separate paper”—i.e., a paper separate from a pleading itself. There is no indication in the language or history of the Maryland rule that it was meant to be more restrictive than the federal rule; indeed, the source note for the rule suggests just the opposite.
*234 Thus, both rules are designed to ensure that a party’s invocation of the constitutional right is documented and that all parties are on notice early in the case of that invocation, but in both instances the format for providing such documentation and notice is flexible.

Case Information Forms

Rules governing trial courts in most jurisdictions require that a plaintiff file a case information form together with a complaint to provide key information about the new civil action. In federal court, this is known as a civil cover sheet.[4] In Maryland, the form is known generically as a case information report or “CIR.”[5] As is the case in the federal form, the CIR includes a pair of boxes where the plaintiff indicates whether or not the case is to be tried before a jury.
The question before us—as articulated in Duckett—is whether a completed CIR that demands a jury trial and that is timely served on the opposing party is a separate “paper” that satisfactorily preserves the party’s jury trial right under Maryland Rule 2-325.
What is a “Separate Paper ”?
There is, of course, no definition of “paper” in the Maryland Rules.[6] To the extent that one can derive the characteristics of a “paper” from the rules’ requirements with respect to the size, format, and signing of “papers,” a served CIR complies with all of those requirements. See Maryland Rules 1—301(a) (a “paper” is to contain names of parties, the matter, name of court, docket reference, brief descriptive title); l-301(c) (a *235 “paper” is to be 8 \ inches wide and 11 inches long and is not to include a back or cover); 1-311 (a “paper” is to be signed by party or by attorney admitted to practice in Maryland).
Apart from the prescriptions concerning size, format, and signature, the only essential requirements for a “paper” making a jury demand are that the filing convey the party’s intent and that it be served on the other parties. There is no dispute that a one-page document entitled “Jury Demand” that bears a single sentence—“The Plaintiff demands a jury trial”—and that is served on the other parties would suffice for purposes of Rule 2-325. McCormick conceded at oral argument that such a document would suffice. Undoubtedly, this form of jury demand is used frequently in Maryland courts.[7] For purposes of this opinion, I will refer to it as the “standard jury demand.”
The Majority opinion struggles to devise a definition of ' “paper” that would exclude a served CIR, but those definitions actually would encompass a served CIR and, ironically, some of those definitions would exclude the standard jury demand:
• The Majority opinion quotes a definition of “paper” found in a prominent legal dictionary. Majority op. at 226 n. 11, 126 A.3d at 63 n. 11 (quoting the definition of “paper” in Black’s Law Dictionary (10th ed.2014)). That definition— “[a]ny written or printed document or instrument”—would encompass a served CIR as well as the standard jury demand. But the Majority rejects that definition as inappropriate for the purpose of “legal matters.” It then resorts to one of 13 definitions of that noun offered by a general dictionary, but finds that definition to be too broad as well, perhaps because a completed CIR would also fit within that definition. Id. (quoting a definition of “paper” from Webster’s Third International Dictionary, Unabridged (2002)).
*236 • The Majority opinion describes a “paper” as a document that “notifies parties of the mode of the trial and the substance of the allegations asserted and relief sought in the case.” Majority op. at 225, 126 A.3d at 62. A completed CIR is the quintessential document that provides information as to the mode of trial—there is a checkoff box for a jury trial—as well as the allegations and relief sought—there are other check-off boxes for indicating the nature of the action, the damages or other relief sought, and the likely length of trial. By contrast, few other “papers” filed in an action cover all those bases. Of those that do, few are as comprehensive as a CIR. The standard jury demand says nothing about specific allegations, or the relief sought.
• The Majority opinion characterizes a “paper” as “a document, printed or written, that is filed in conjunction with court pleadings.” Majority op. at 226, 126 A.3d at 63. A served CIR is certainly a “printed or written document” and there are few documents that are filed more “in conjunction with” a pleading than a CIR, as the CIR must be physically attached to the complaint.
• The Majority opinion states that “the purpose of a paper is to convey supporting documentation to the court ... which may include information and/or evidence in support of a party’s position.” Majority op. at 226, 126 A.3d at 63. A completed CIR does indicate the nature of a case and relief sought, although it does not include “evidence” on the merits. The standard jury demand does not fit this description of “paper” in any respect.
• The Majority opinion contrasts a “paper” as something that “originates with a litigant or interested party” with a CIR, which it characterizes as “a court-produced document.” Majority op. at 226, 126 A.3d at 63. It is true that, like other court forms, a blank CIR is a “court-produced document.” But, as with most other court forms, a completed form originates with a litigant. A visit to the mdcourts.gov website discloses a lengthy list of court forms which are to be completed by a litigant or the litigant’s attorney for filing as papers in litigation. See Maryland Court Forms <http://mdcourts.gov/courtforms/ *237 index.html>. The fact that a blank version of the form was created by the courts does not by itself disqualify a completed form from being a “paper.”
Instead of inventing a definition of “paper” to reach a particular end result in this case, we should look to the purposes of the requirement of a jury demand and assess whether a served CIR fulfills those purposes. As outlined above, the purposes that animate Maryland Rule 2-325 and its ancestor, Federal Rule 38, are to document the request for a jury trial and to provide prompt notice to the court and parties that a party is exercising that constitutional right. A completed CIR that is served on other parties at the outset of a ease serves those purposes.
Perhaps the strongest argument that a served CIR should not serve as a jury demand—and one relied upon by the Court of Special Appeals in this case[8]—is a statement in Maryland Rule 16-202(b)(3) that “[t]he information contained in the information report shall not be used for any purpose other than case management.” That rule might be read to prohibit any reference to a CIR in determining whether there is a proper jury demand, although the rule does not actually say that. On the other hand, whether a case is to be tried before a jury is an important factor in case management. Reference to the CIR to determine whether a party has made a timely jury demand would not appear to contradict the direction in Rule 16—202(b)(3) that the information in a CIR is to be used for case management.

The Duckett Case

Apart from attempting to define “paper” in a way that excludes a served CIR, the Majority opinion repeatedly states that Rule 2-325 is “unambiguous”[9] and suggests that the Duckett case already resolved that a completed CIR could *238 never be a proper jury demand. The Duckett decision belies both of those assertions.
In Duckett, this Court considered whether a completed CIR, which indicated that the plaintiff wished to have a jury trial but which had not been served on the defendant, sufficed as a timely jury demand for purposes of Rule 2-325. This Court discussed at some length the term “paper” in the rule, noting that the inclusion of that term in the rule meant that a jury demand need not be made in a pleading. At the end of the discussion, the Court concluded that “the term ‘paper’ ordinarily does not encompass a case information report” and identified the plaintiffs “misstep” as her failure to serve the completed CIR on the defendant. 428 Md. at 482, 52 A.3d 84 (emphasis added). As noted at the outset of this opinion, the Court explicitly did not decide whether a completed CIR that had been timely served on the defendant would have satisfied the rule. Id. at 482 n. 7, 52 A.3d 84.
The Majority opinion ignores the Duckett Court’s use of the term “ordinarily” in its holding and downplays its explicit statement that it is an “open question” whether a served CIR would satisfy Rule 2-325. It is true, as the Majority opinion states, that the Duckett opinion raises questions about the status of a CIR as a “paper,” but the Duckett Court did not conclusively resolve that issue. Its decision turned on the fact that the CIR in that case had not been served on the opposing party—a factor that undermined the essential purpose of giving notice—and left open whether satisfaction of that purpose, by serving the CIR, would lead to a different result.
We cannot simply say that Duckett already resolved this question. At most, one could say the Duckett opinion gave mixed signals on how it should be resolved. The Court of Special Appeals dealt with those mixed signals as best it could. But we are in a position to provide greater clarity.
Like this Court in Duckett, federal courts have held that checking off the “jury” box on an unserved civil case information sheet does not satisfy the requirements for jury demand under Federal Rule 38. However, the Second Circuit has *239 concluded that “[a] timely served civil cover sheet on which the ‘Jury Demand’ box is checked can, without more, constitute a proper jury demand----” Favors v. Coughlin, 877 F.2d 219, 220 (2d Cir.1989) (emphasis in original). The Maryland federal district court recently reached the same conclusion in a case that had begun in Maryland state court and was removed to federal court. Lu v. Johnson, 2010 WL 672935 (D.Md. 2010). In that case, the court held that a completed CIR that had been timely filed and served on opposing parties while the case was in state court sufficed to preserve the party’s right to a jury trial in federal court. Id. at *2. In reaching that decision, the court noted that, in both venues, “[t]he primary interest is the need to provide fair and prompt notice to all litigants.” Id. at *1.

Conclusion

In my view, we should answer the “open question” in Duckett in the affirmative—i.e., a completed CIR that invokes a party’s constitutional right to a jury trial and that is timely served on other parties is a “paper” that makes a proper jury demand, as it is a written document satisfies the purposes of the rule: documentation and timely notice.
The result reached by the Majority opinion creates a trap that does not serve the purposes of the rule. As the Court of Special Appeals noted in its opinion in this case, nothing in the CIR form itself—which is completed by pro se parties as well as attorneys—warns a litigant that checking “yes” on the box for “JURY DEMAND” would be ineffective to assert the constitutional right to a jury trial.[10] The Maryland Rules, which the Majority opinion repeatedly characterizes as “precise rubrics,”[11] are to be construed “to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay.” Maryland Rule l-201(a). A *240 “precise rubric” is only as fair and just as the decisions that interpret it and the forms that implement it.
McDONALD, J., dissents.

. Lisy also brought suit against an individual co-defendant who is not a party to this appeal.

. The Majority opinion’s description of the procedural background of this case somewhat obscures the actual sequence of events. See Majority op. at 218-19, 126 A.3d at 58-59. After Lisy filed and served the complaint and CIR indicating that it wished to exercise its right to a jury trial in early 2011, the court docketed the case as a jury trial and the parties also acted as though the case would be tried to a jury. Indeed, as late as September 4, 2012, McCormick filed its proposed voir dire questions, jury instructions, and verdict form. It was only on September 6, 2012—a week after the Duckett decision was issued—that McCormick sought to have a bench trial instead of a jury trial.

. The Maryland rule was derived from the 1966 version of the Federal Rule 38(b), which read as follows:
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.
(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without consent of the parties.
Federal Rule of Civil Procedure 38(b), (d) (1966). The language of the federal rule has changed slightly since 1966. But, apart from extending the period for making a jury demand from 10 to 14 days, the changes are stylistic and the rule remains substantively the same, according to the advisory committee notes that accompanied the amendments to the rule.

. Form JS 44 (Rev. 12/12); see <http://www.uscourts.gov/forms/civilforms/civil-cover-sheet-cmecf-version-511 -and-later >.

. There are two versions of the form, depending on the type of civil case: one is entitled the "Civil-Non-Domestic Case Information Report”; the other is entitled the "Civil-Domestic Case Information Report.”

. The term "paper” may well be on its way to obsolescence. I note that the rules governing electronic filing employ a different term—"submission”—to refer to filings. See, e.g., Maryland Rule 20-106.

. This is essentially the form for demanding a jury trial recommended by a prominent treatise on the Maryland Rules. See Paul V. Niemeyer, et al., Maryland Rules Commentary (3d ed. 2003 & 2013 Supp.) at 225 ("The form of demand is simple and need only express the pleader’s intent ... ”).

. 219 Md.App. 592, 601, 101 A.3d 530 (2014).

. See Majority op. at 225-26, 226-27, 229-30, 126 A.3d at 63, 63-64, 65.

. 219 Md.App. at 604 n. 9, 101 A.3d 530.

. Majority op. at 224, 227-28, 229, 126 A.3d at 62, 64, 65.