*Lisy Corp. v. McCormick & Co*., *Inc.*, No. 8, September Term 2015, Opinion by Greene, J.

**CIVIL LAW — CASE INFORMATION REPORT — JURY DEMAND**

A Case Information Report is not a separate "paper" within the meaning of Md. Rule 2-325, and therefore cannot be a proper vehicle for asserting the constitutional right to a jury trial in a civil case. Failure to comply with Rule 2-325 results in a waiver of the right to a jury trial.

Circuit Court for Howard County
Case No. 13-C-11-85835
Argued: September 10, 2015

IN THE COURT OF APPEALS
OF MARYLAND

No. 8
September Term, 2015

_____

LISY CORP.

v.

MCCORMICK & CO., INC., ET AL.

_____

Barbera, C.J.,
Battaglia,
Greene,
Adkins,
McDonald,
Watts,
Harrell, Jr., Glenn T. (Retired,
      Specially Assigned),

JJ.

_____

Opinion by Greene, J.
McDonald, J., dissents.

_____

Filed: November 23, 2015

In this case, we address whether a completed Case Information Report ("CIR")[1] served on the opposing parties to a civil lawsuit is a proper vehicle for demanding a jury trial under Maryland Rule 2-325(a).

Lisy Corp. ("Petitioner") filed suit against McCormick & Co., Inc., Mojave Foods Corp. ("Respondents"), and Barry A. Adams ("Adams")[2] in the Circuit Court for Howard County, alleging tort and contract claims. Petitioner served all defendants with its complaint

---

[1] The pertinent part of the CIR served in the instant case appears as follows:

A CIR is a standard court-produced administrative form used by the clerk's office for case management purposes. It is a three-page document composed of multiple sections pertaining to the mode of the trial. In its directions, the CIR refers parties to Maryland Rules 2-111(a) and 2-323(h), which inform plaintiffs and defendants respectively of the filing requirements of the CIR. Rule 2-111(a) also references Rule 16-202(b), which states "[t]he information contained in the information report shall not be used for any purpose other than case management." Md. Rule 16-202(b)(3). Pursuant to the Maryland Rules, parties are required to complete the CIR and provide basic information about the case by placing a checkmark in the appropriate boxes. These sections ask the party filling out the CIR to identify, among other things, whether a jury trial has been demanded, the nature of the action, and the damages and relief sought. In essence, by checking the appropriate boxes, parties are required to convey minimal information about the case in order to assist the clerk's office with scheduling matters.

[2] Adams was not a party to the proceedings in either the intermediate appellate court or this Court.

along with a completed CIR. In the CIR, Petitioner checked the "yes" box to indicate a jury trial had been demanded. This checkmark was the only reference to a jury demand. No pleadings or papers filed in the case by Petitioner asserted the right to a trial by jury. As the trial date neared, the Circuit Court's Office of Calendar Management notified the parties that it was scheduling the trial before a jury. Respondents objected and moved to confirm a bench trial arguing that the manner in which the alleged jury demand had been elected by reference—in the CIR solely—was procedurally defective. The motions judge, relying on our decision in *Duckett v. Riley*, 428 Md. 471, 52 A.3d 84 (2012), granted the motion. Because Petitioner did not comply with the requirements of Rule 2-325(a), the judge determined that Petitioner's right to trial by jury had been waived.

Rule 2-325(a) specifies the procedure for invoking a jury trial in civil cases, and explicitly states that jury demands are to be made in a "pleading" or separate "paper." In the Circuit Court, Petitioner argued in its response to the motion to confirm a bench trial that *Duckett* was distinguishable. According to Petitioner, this Court held in *Duckett* that an unserved CIR will not satisfy the notice requirements of Rule 2-325(a). Therefore, because the opposing parties were served with a CIR containing a reference to a jury demand, Petitioner maintained, in the present case, it was entitled to a trial by jury. The Circuit Court disagreed. That court found, consistent with *Duckett*, that the CIR was neither a "pleading" nor a separate "paper" within the meaning of Rule 2-325, and that failure to comply with the Rule resulted in the waiver of Petitioner's right to a jury trial. The case proceeded to a bench

2

trial and a final judgment was entered.

Petitioner appealed to the Court of Special Appeals. The intermediate appellate court affirmed the trial court's ruling. For the reasons explained below, we hold that a CIR, whether served or unserved, does not constitute a separate "paper" within the meaning of Rule 2-325, and that ordinarily failure to comply timely with the Rule will result in a waiver of the right to a jury trial in a civil case.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and Respondent McCormick & Co., Inc. are direct competitors in the Hispanic marketplace with each manufacturing and distributing consumer food products. Respondent Mojave Foods Corp. is a subsidiary of McCormick and also competes against Petitioner. Petitioner filed suit against its former employee Adams and Respondents alleging, among other things, that Adams violated the terms of his employment contract by working with Respondent McCormick, a direct competitor, and both misappropriated Petitioner's confidential trade secrets and tortiously interfered with Petitioner's contracts and business relations.

On February 28, 2011, Petitioner filed its complaint, including a request for a temporary restraining order, and a completed CIR in the Circuit Court for Howard County. Petitioner checked "yes" in the Jury Demand section of the CIR. All parties were served.

On April 11, 2012, Petitioner filed an Amended Complaint adding an additional claim. Neither the complaint nor the amended complaint asserted a jury demand. Notwithstanding

3

the omission, on July 25, 2012, the Office of Calendar Management notified the parties that it was scheduling a trial date and ordering a jury trial.[3]

In early September, Respondents and Adams objected to the scheduling of a trial by jury, and moved separately to confirm a bench trial in lieu of a jury trial. In their motions, Respondents and Adams argued that Petitioner did not properly demand a jury trial, because the only reference to a jury demand was in the CIR, which, by itself, was insufficient to satisfy the procedural requirements of Rule 2-325. In ruling on the pending motions, the Circuit Court determined that our opinion in *Duckett* held that a completed CIR is neither a "pleading" nor a separate "paper" within the meaning of Rule 2-325(a), and therefore Petitioner did not comply with the Rule. Acknowledging that the issue in *Duckett* involved an unserved CIR containing a reference to a jury demand, and the instant case involved a CIR where the Jury Demand box was similarly checked "yes," but was served on the Defendants, the motions judge, in the present case, explained:

> I don't read *Duckett* to infer or to stand for the proposition that if the Case Management Information sheet had been served upon the Defendant that that would constitute a proper election for a jury trial . . . . I find that the failure of the Plaintiff to file an election for jury trial as contemplated by the rule, not withstanding service upon [t]he Defendant of the civil Case Information Report contemporaneous with service on the Plaintiff, constitutes a waiver by the Plaintiff of a right to a jury trial.

---

[3] On June 18, 2012, the parties moved to schedule a trial date. On July 25, 2012, the Office of Calendar Management issued a notice informing the parties that it was scheduling the matter for a jury trial. In response, Petitioner and Respondents filed their respective proposed jury instructions, voir dire, and verdict sheets, apparently believing that a proper demand for a jury trial had been entered.

4

Finding that no valid jury demand existed, the motions judge ordered that the case proceed as a bench trial. Petitioner filed a motion to postpone the trial and requested time to obtain appellate review.[4] The acting Administrative Judge granted the motion and, thus, allowed Petitioner time to file a petition for a writ of mandamus. This Court denied the petition, and the bench trial commenced on April 15, 2013. At its conclusion, judgment was entered in favor of the corporate defendants, herein Respondents, and against Petitioner.[5] Petitioner then appealed the ruling to the Court of Special Appeals on the sole question of whether Petitioner was entitled to a jury trial. The intermediate appellate court affirmed the trial court's ruling and held that Petitioner did not properly elect a trial by jury. *Lisy Corp. v. McCormick & Co., Inc.*, 219 Md. App. 592, 604, 101 A.3d 530, 537 (2014). Additionally, the intermediate appellate court rejected Petitioner's arguments that Maryland courts should defer to an analogy to the federal courts' interpretations of Federal Rule of Civil Procedure 38. It found the Federal Rule and the Maryland Rule were not analogous, and that the Maryland Rule is narrower in scope. *Lisy Corp.*, 219 Md. App. at 602, 101 A.3d at 536.

We granted *certiorari*, *Lisy Corp. v. McCormick & Co., Inc.*, 441 Md. 217, 107 A.3d

---

[4] Days earlier, the motions judge had instructed a clerk to inform the parties via telephone of the court's ruling on the motion. Then on the scheduled first day of trial, the court announced its ruling on the record.

[5] The court also entered judgment in favor of Petitioner and against Adams in the amount of $41,841.00 plus costs. No issue is taken with regard to this aspect of the judgment.

1141 (2015), to answer the following questions, which we have rephrased:[6]

>1.  Does a completed CIR referencing a jury demand satisfy the definition of a separate "paper" within the meaning of Md. Rule 2-325?

>2.  By not asserting its constitutional right to a jury demand in a "pleading" or separate "paper" within the meaning of Md. Rule 2-325, did Petitioner waive its right to a jury trial in a civil case?

For the reasons stated below, we shall answer the first question in the negative and the second question in the affirmative.  Accordingly, the judgment of the Court of Special Appeals is affirmed.

## STANDARD OF REVIEW

This Court revisits the issue of what constitutes a separate "paper" under Rule 2-325, and whether a served CIR meets the definition.  In doing so, we rely on the principles of statutory interpretation:

---

[6] Petitioner presented the following questions:

>1.  Did this Court's decision in *Duckett v. Riley*, 428 Md. 471 (2012), deprive Lisy of its previously-valid jury demand even though the *Duckett* ruling was expressly limited to a case involving a Civil Non-Domestic Case Information Report ("CIR") that had never been served on the opposing party and this Court expressly left open the question of whether the outcome would be different if the plaintiff had served the CIR, precisely as Lisy had done here?

>2.  Did Lisy properly demand its constitutional right to a jury trial when the law at the time of the filing of its complaint in February 2011 recognized the validity of Lisy having demanded a jury by checking the appropriate box in the CIR?

>3. Did Lisy ever voluntarily and intentionally relinquish its known constitutional right to a jury trial?

6

> [T]he principles applied to statutory interpretation are also used to interpret the Maryland Rules. Like construing a statute, to ascertain the meaning of a . . . rule of procedure we first look to the normal, plain meaning of the language. If that language is clear and unambiguous, we need not look beyond the provision's terms to inform our analysis; however, the goal of our examination is always to discern the legislative purpose, the ends to be accomplished, or the evils to be remedied by a particular . . . part of the Rules. To that end, we must consider the context in which the . . . rule appears, including related statutes or rules, and relevant legislative history. Also, where the language of the rule is ambiguous, external evidence may be referred to for discerning the purpose of the legislature, including the bill's title or function paragraphs, relevant case law, and secondary sources.

*Duckett*, 428 Md. at 476-77, 52 A.3d at 87 (citing *Davis v. Slater*, 383 Md. 599, 604-05, 861 A.2d 78, 81 (2004)). "Because an interpretation of the Maryland Rules is appropriately classified as a question of law, we review the issue *de novo* to determine if the trial court was legally correct in its rulings on these matters." *Pickett v. Sears, Roebuck & Co.*, 365 Md. 67, 77, 775 A.2d 1218, 1223 (2001). "This is a purely legal inquiry; therefore, we construe Rule 2-325(a) without giving deference to [the circuit court's or] the intermediate appellate court's interpretation." *Duckett*, 428 Md. at 477, 52 A.3d at 87 (citing *Davis*, 383 Md. at 604, 861 A.2d at 80-81).

## DISCUSSION

In *Davis*, we discussed the development of the common law right to a jury trial, which dates back to at least the Magna Carta, if not even further. 383 Md. at 609, 861 A.2d at 83-84. "The entitlement to a trial by jury was guaranteed in writing for the first time by the Magna Carta on June 15, 1215[,]" however, "its use was mandated by custom" long beforehand. *Id.* (citing Hon. Randy J. Holland, *State Jury Trials and Federalism:*

7

*Constitutionalizing Common Law Concepts*, 38 VAL. U. L. REV. 373, 376 (2004)). This historic right to a jury trial "is enshrined in the Maryland Declaration of Rights [under Articles 5 and 23][7] and further guaranteed in Maryland Rule 2-511."[8] *Scarfield v. Muntjan*, 444 Md. 264, 266, 119 A.3d 745, 746 (2015), reconsideration denied (Sept. 17, 2015). "'Article 23 of the Declaration of Rights[] guarantees a right to jury trial in those types of civil cases to which the right historically attached if the [requisite] amount in controversy' is present." *Martin v. Howard Cty.*, 349 Md. 469, 480, 709 A.2d 125, 131 (1998) (citing *Carroll v. Hous. Opportunities Comm'n*, 306 Md. 515, 520, 510 A.2d 540, 542 (1986)).

"Although 'inviolably preserved,' the right to have a civil jury trial may be regulated reasonably . . . ." *Duckett*, 428 Md. at 478, 52 A.3d at 88 (citing *Bringe v. Collins*, 274 Md. 338, 345, 335 A.2d 670, 675 (1975)). "It is well settled that the right to a jury trial may be subjected to reasonable regulation; indeed, it is generally acknowledged that it can, for all practical purposes, become meaningless to the individual and burdensome to the state unless the exercise of it is regulated to some extent." *Houston v. Lloyd's Consumer Acceptance Corp.*, 241 Md. 10, 14, 215 A.2d 192, 194 (1965). In Maryland, the right to a jury trial in

---

[7] In pertinent part, Md. Decl. of Rts. art. 5 states "[t]hat the Inhabitants of Maryland are entitled to the Common Law of England, and the trial by Jury . . . ." Md. Decl. of Rts. art. 23 elaborates on this right by further stating "[t]he right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of $15,000, shall be inviolably preserved."

[8] "The right of trial by jury as guaranteed by the Maryland Constitution and the Maryland Declaration of Rights or as provided by law shall be preserved to the parties inviolate." Md. Rule 2-511(a).

civil cases is reasonably regulated by Rule 2-325(a), which specifies the procedure necessary to invoke the right. Under the Rule, either party may elect a jury trial by filing a timely written demand in the form of a "pleading" or a separate "paper."[9] Failure to comply with the procedural requirement "constitutes a waiver of trial by jury." Md. Rule 2-325(b).

## Waiver of the Right to a Jury Trial in a Civil Case

In *Duckett*, this Court was confronted with the issue of whether an unserved CIR containing a reference to a jury demand constituted a separate "paper" within the meaning of Rule 2-325(a). As the word "paper" is not defined in the Maryland Rules, we interpreted Rule 2-325(a) and discussed at length its legislative history and intent. *Duckett*, 428 Md. at 480-82, 52 A.3d at 89-90. Furthermore, we discussed the purpose of a CIR in comparison to that of a "pleading" or separate "paper." A CIR is an administrative tool designed "to assist the Clerk and the court in scheduling actions in the court promptly and efficiently. It is not intended to be an original vehicle, and, in fact, is separate from the methodology, for asserting the constitutional right to a jury trial." *Duckett*, 428 Md. at 480, 52 A.3d at 89. In contrast, the implicit purpose behind Rule 2-325 is to provide notice principally to an opposing party, and also the court, of that party's assertion of the right to a jury trial in a civil case. *Duckett*, 428 Md. at 481, 52 A.3d at 90.

Petitioner contends that the holding in *Duckett* is limited to an unserved CIR, and that

---

[9] "Any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor in writing either as a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service." Md. Rule 2-325(a).

a served CIR containing a checkmark in the "yes" box in the Jury Demand section does indeed constitute a separate "paper" within the meaning of Rule 2-325(a), because it fulfills the purpose of the Rule, which, as explained in *Duckett*, is principally to give notice of a jury demand to an opposing party. As evidence of this alleged alternative holding, Petitioner cites to Footnote 7: "[i]t is, of course, an open question, and one we need not answer, whether, if the civil non-domestic case information sheet had been served successfully and timely on the petitioner, the outcome in this case would have been different." *Duckett*, 428 Md. at 482 n.7, 52 A.3d at 90. Petitioner conflates our articulated distinction between a served and unserved CIR with the notion that service of the CIR transforms it into a separate "paper." This is, however, counterintuitive. As we stated in *Duckett*:

> Maryland Rule 1-201(a) provides that "[t]hese rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." Moreover, "[w]hen construing . . . rules, we must bear in mind that they are 'precise rubrics,' established to promote the orderly and efficient administration of justice, and thus are to be strictly followed."

428 Md. at 477, 52 A.3d at 87 (citing *In re Kaela C*., 394 Md. 432, 471, 906 A.2d 915, 938 (2006)).

Our articulation of the facts in *Duckett*, namely that the respondent waived her right to a jury trial by relying on a reference to a jury demand in an unserved CIR, rather than asserting it in a pleading or separate paper, falls within our role to decide the case before us, and not to opine on other matters. In *Duckett*, the issue before us was whether a properly filed CIR containing a reference to a jury demand, which was not served on the opposing

10

party, could be a proper vehicle for demanding a jury trial under Rule 2-325(a). Accordingly, we decided the case on the facts before us. Our analysis, however, made it clear that a CIR, served or unserved, could not constitute a separate "paper." A CIR does not fall within "the common understanding of the Maryland Bar and Bench, the hearing judge notwithstanding, or the ordinary and plain-language meaning of 'paper.'" *Duckett*, 428 Md. at 479, 52 A.3d at 88.

In addition, even within the context of the Maryland Rules, a CIR is referred to as separate from a "paper," and is regulated by separate rules. *See* Rule 2-112(a) (instructing the clerk, upon receipt of a complaint, to issue and deliver a summons "together with a copy of each paper filed and a blank copy of the information report form" to each defendant); Rule 2-111(b) (stating the issuance of a summons is contingent upon the filing of the "complaint, a copy of each exhibit or other paper filed with the complaint, and a copy of the information report"). Furthermore, a separate "paper" and a CIR have distinctive purposes. The target audience for the information contained in each document is key: a CIR benefits the clerk's office by facilitating case management, and a separate "paper" notifies parties of the mode of the trial, the substance of the allegations asserted and relief sought in the case. A CIR "is not intended to be an original vehicle, and, in fact, is separate from the methodology, for asserting the constitutional right to a jury trial" because the CIR is designed "to assist the Clerk and the court in scheduling actions in the court promptly and efficiently" as a case management tool. *Duckett*, 428 Md. at 480, 52 A.3d at 89. Conversely, the underlying

11

purpose of Rule 2-325(a) "is to ensure that service or notice of a jury demand be made on, or given to, the opposing party or parties . . . ." *Duckett*, 428 Md. at 481, 52 A.3d at 90.

A CIR does not constitute a separate "paper" within the meaning of Rule 2-325(a). Attorneys and parties, which may include self-represented litigants, are all held to the same standard and are required to comply with the Maryland Rules. Rule 2-325(a) is explicit, unambiguous and mandatory: the proper vehicle for a jury demand is a "pleading"[10] or a separate "paper." Subsection (b) informs parties that non-compliance with the Rule will result in a waiver, which is the case here.

If it were not clear enough in *Duckett*, we offer further clarity to the meaning of the word "paper" under Rule 2-325(a) based upon the common understanding of the term.[11] A paper is a document, printed or written, that is filed in conjunction with court pleadings. The purpose of a paper is to convey supporting documentation to the court (not necessarily the clerk's office), which may include information and/or evidence in support of a party's

---

[10] The term "pleading" is defined in Md. Rule 1-202(u). A pleading is a "complaint, a counterclaim, a cross-claim, a third-party complaint, an answer, an answer to a counterclaim, cross-claim, or third-party complaint, a reply to an answer, or a charging document . . . ." *Id.*

[11] The broad definition of the word "paper" is "[a]ny written or printed document or instrument." BLACK'S LAW DICTIONARY 1285 (Bryan A. Garner ed., 10th ed. 2014). We find a narrower definition of the word "paper" in the context of legal matters. That definition seems to relate more to the function of the document: "a piece of paper containing a written or printed statement (as of identity, authority, or ownership) . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, UNABRIDGED 1633 (2002). That definition is further narrowed based on our discussion in *Duckett*. There, we pointed out the function of the CIR as distinct from the function of a separate "paper." As a case management tool, the CIR is designed "to assist the Clerk and the court in scheduling actions in the court promptly and efficiently." *Duckett*, 428 Md. at 480, 52 A.3d at 89.

12

position. Under this definition, it is implicit then that a paper originates with a litigant or an interested party. As explained in Footnote 1 of this opinion, a CIR, by contrast, is a court-produced document that is intended to convey basic information to the clerk's office for case management purposes. To be sure, a pre-printed CIR is not the equivalent of a written statement that asserts the right to a trial by jury. The CIR directs parties to check appropriate responses in a series of boxes that pertain to the case. The mere act of referencing a jury demand by checking "yes" in the Jury Demand section is not an assertion of a constitutional right, but rather simply indicates whether the party has already filed, or intends to file, a jury demand pursuant to Rule 2-325(a).[12]

The consequence of not complying timely with Rule 2-325 ordinarily results in waiver of the constitutional right to a jury trial whereas failure to comply with Rule 2-111(a), the filing of the CIR, has an altogether different effect. Rule 2-325 is unambiguous: in order to invoke the constitutional right to a jury trial in a civil case, a party must assert the right through a written demand in the form of a "pleading" or separate "paper." In sum, non-compliance is fatal to the proper election of a jury trial. "The failure of a party to file the demand within 15 days after service of the last pleading filed by any party directed to the

---

[12] We disagree with the views of the dissenting opinion, which would in effect overrule *Duckett*, *sub silentio*. The alleged validity of a jury demand in a CIR is not contingent on the service of that CIR because the document itself does not meet the definition of a separate "paper." Mere service of the completed CIR on opposing parties will not cure the initial defect of failing to properly elect a jury trial through the explicit procedure mandated in Rule 2-325.

13

issue constitutes a waiver of trial by jury." Md. Rule 2-325(b). Non-compliance with Rule 2-111(a), however, does not result in a waiver of any constitutional right. "If the plaintiff fails to file a required information report with the complaint, the court may proceed without the plaintiff's information to assign the action to any track within the court's differentiated case management system." Md. Rule 2-111(a). In other words, unlike a "pleading" or separate "paper," a CIR, though mandatory, is not a dispositive document for the trajectory of a lawsuit.

We reaffirm *Duckett* and hold that a CIR, served or unserved, is not a proper vehicle for the election of a jury trial because service of the CIR on the opposing party does not satisfy the requirements of Rule 2-325(a) for the reasons explained above. As such, Petitioner was not deprived unjustly of its right to a trial by jury. Rule 2-325 is a "precise rubric," which is to be strictly followed, and Petitioner's failure to comply, whether intentional or unintentional, resulted in a waiver of that right under Subsection (b).

## Md. Rule 2-325(a) Is Not Analogous to Fed. R. Civ. P. 38(b)

In support of its argument that it made a valid jury demand, Petitioner maintains that the federal courts' interpretations of FED. R. CIV. P. 38 should be persuasive in this Court's interpretation of Rule 2-325(a). In the past, we have looked to federal caselaw for guidance, when necessary:

> When the words of a Maryland rule and federal rule are the same or similar, often we look to interpretations of the federal rule in construing the Maryland Rule. Federal court interpretations of federal rules are considered persuasive, but are not binding on this Court in interpreting a Maryland rule.

14

*Stoddard v. State*, 389 Md. 681, 695, 887 A.2d 564, 572 (2005) (internal citations omitted).

Both Rule 2-325 and FED. R. CIV. P. 38 establish the procedural mechanisms in their respective courts to assert the constitutional right to a jury trial in a civil case. In *Duckett*, we recognized Rule 2-325 originated from its federal counterpart and both rules emphasize the importance that "service or notice of a jury demand be made on, or given to, the opposing party or parties . . . ." 428 Md. at 481, 52 A.3d at 90. "Rule 2-325(a) derives from Rule 343(a) and the 1966 version of the Federal Rule of Procedure 38(b)." *Id.* The 1966 version of FED. R. CIV. P. 38(b) delineated the proper procedure in federal court:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

FED. R. CIV. P. 38(b) (1966).[13]  The similarities, however, end here as Rule 2-325 is a far narrower rule than its federal counterpart. Federal courts have held that a CIR that is served

---

[13] The current version of FED. R. CIV. P. 38, in pertinent part, states:

> (b) DEMAND. On any issue triable of right by a jury, a party may demand a jury
> trial by:
>> (1) serving the other parties with a written demand—which may be included
>> in a pleading—no later than 14 days after the last pleading directed to the issue
>> is served; and
>> (2) filing the demand in accordance with Rule 5(d).
> ***
> (d) WAIVER; WITHDRAWAL. A party waives a jury trial unless its demand is
> properly served and filed. A proper demand may be withdrawn only if the
> parties consent.

on opposing parties satisfies the requirements of a "written demand," which may not be included in a pleading within the meaning of that Rule. *See Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) ("A *timely served* civil cover sheet on which the 'Jury Demand' box is checked can, without more, constitute a proper jury trial demand . . . but a civil cover sheet that has not been served with the complaint naturally gives no notice of a jury demand necessary to meet the requirements of Rule 38(b).") (emphasis in original). The term "written demand" is broader than Rule 2-325 and the demand need not be in the form of a pleading or separate paper in order to comply with FED. R. CIV. P. 38.

Maryland appellate courts have interpreted the Maryland Rules as precise rubrics that are mandatory. *See Gen. Motors Corp. v. Seay*, 388 Md. 341, 344, 879 A.2d 1049, 1051 (2005) ("As we have often said, the Maryland Rules are 'precise rubrics' which are to be strictly followed."). As the rules differ in scope, the intermediate appellate court properly rejected Petitioner's argument that the federal courts' interpretations of FED. R. CIV. P. 38(b) is persuasive. *Lisy Corp.*, 219 Md. App. at 602, 101 A.3d at 536. In Maryland, the assertion of a jury demand must be stated in a "pleading" or separate "paper."

Not unlike the present case, in *Seay*, the petitioner failed to comply with the procedural requirements of Rule 2-532, which regulates the procedure for filing motions for a judgment notwithstanding the verdict, and we were asked to reinterpret the applicable Maryland Rules based on the more flexible FED. R. CIV. P. 50. 388 Md. at 350-51, 879 A.2d at 1054. There, however, we also declined the opportunity "to depart from our state court

16

jurisprudence of strict compliance with the procedural requirements of Rules 2-519 and 2-532 . . . ." *Seay*, 388 Md. at 360, 879 A.2d at 1060.

Lastly, Petitioner argues that it did not voluntarily and intentionally relinquish its constitutional right to a jury trial. Rule 2-325(b) is mandatory and unambiguous: "[t]he failure of a party to file the demand within 15 days after service of the last pleading filed by any party directed to the issue constitutes a waiver of trial by jury." Again, failure to comply with the precise rubrics of this Rule is outcome-determinative: Petitioner waived its right to a jury trial.

## CONCLUSION

Accordingly, we affirm the judgment of the Court of Special Appeals. Petitioner's jury demand was procedurally defective, because a CIR is not a separate "paper" within the meaning of Rule 2-325(a). Therefore, failure to comply with the Rule resulted in a waiver of the right to a jury trial.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY THE COSTS.**

17

Circuit Court for Howard County
Case No. 13-C-11-85835
Argued: September 10, 2015

IN THE COURT OF APPEALS
OF MARYLAND

No. 8
September Term, 2015

---

LISY CORP.

v.

McCORMICK & CO., INC., et al.

---

Barbera, C.J.,
Battaglia,
Greene,
Adkins,
McDonald,
Watts,
Harrell, Jr., Glenn T.
(Retired, Specially Assigned),

JJ.

---

Dissenting Opinion by McDonald, J.

---

Filed: November 23, 2015

In *Duckett v. Riley*, 428 Md. 471, 52 A.3d 84 (2012), this Court held that a party in a civil case did not make a proper jury demand under Maryland Rule 2-325 simply by checking off a box for a jury trial on a case information report that was never served on the opposing party. But the Court was clear on what it was *not* deciding in that case:

> It is, of course, an *open question*, and one we need not answer, whether, if the civil non-domestic case information sheet had been served successfully and timely on the petitioner, the outcome in this case would have been different.

428 Md. at 482 n.7 (emphasis added). We granted a writ of *certiorari* in this case to answer the unanswered question in *Duckett*.

The Majority opinion makes the best argument that can be mustered for answering "no." But, in my view, that argument is not persuasive. The language, history, and purposes of Rule 2-325 – and, indeed, some of the Majority opinion's reasoning – all support the opposite conclusion.

*This Case*

As the Majority opinion accurately recounts, in early 2011, Lisy Corp. ("Lisy") filed a civil action against McCormick & Co., Inc. ("McCormick").[1] Lisy promptly served McCormick with the complaint and an attached case information report ("CIR") in which it had checked the "Yes" box in a part of the CIR entitled "JURY DEMAND." One and a half years later, on the eve of trial, McCormick first objected to the jury demand on the ground that Lisy had used the wrong format for making its jury demand.

---

[1] Lisy also brought suit against an individual co-defendant who is not a party to this appeal.

McCormick does not claim lack of notice of Lisy's jury demand. Indeed, McCormick's counsel has conceded that it had timely notice of the jury demand and suffered no prejudice. McCormick only quibbles with the format – an objection that it raised belatedly after giving every indication it was prepared for a jury trial.[2] Thus, we are faced with the question left open in *Duckett*.

*Constitutional Right to a Jury Trial and its Regulation*

Under the Maryland Constitution, a party in a civil case in a Maryland state court has a right to a jury trial when the amount in controversy exceeds $15,000. Maryland Declaration of Rights, Articles 5, 23; *see also* Maryland Rule 2-511(a). There is a similar right under the federal constitution for litigants in civil cases in federal court. United States Constitution, Amendment VII. In both federal and Maryland trial courts, the exercise of the constitutional right to a jury trial is regulated by court rules.

*The Language and History of Rule 2-325*

Court rules govern how and when a party is to assert the constitutional right to a jury trial. For the federal system, the United States Supreme Court adopted Federal Rule of Civil

---

[2] The Majority opinion's description of the procedural background of this case somewhat obscures the actual sequence of events. *See* Majority slip op. at 3-4. After Lisy filed and served the complaint and CIR indicating that it wished to exercise its right to a jury trial in early 2011, the court docketed the case as a jury trial and the parties also acted as though the case would be tried to a jury. Indeed, as late as September 4, 2012, McCormick filed its proposed voir dire questions, jury instructions, and verdict form. It was only on September 6, 2012 – a week after the *Duckett* decision was issued – that McCormick sought to have a bench trial instead of a jury trial.

2

Procedure 38.  That rule provides, in pertinent part, that a party may demand a jury trial in a civil case by "serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served ...." Federal Rule of Civil Procedure 38(b).  If a party fails to file and serve a timely jury demand, the party is deemed to have waived its right to a jury trial.  Federal Rule of Civil Procedure 38(d).

For Maryland courts, this Court has adopted a similar rule explicitly based on Federal Rule 38(b).[3]  The Maryland version provides that a party may demand a jury trial in a civil

---

[3] The Maryland rule was derived from the 1966 version of the Federal Rule 38(b), which read as follows:

> (b) **Demand.**  Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after service of the last pleading directed to such issue.  Such demand may be indorsed upon a pleading of the party.
>
> $*$ $*$ $*$
>
> (d) **Waiver.**  The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury.  A demand for trial by jury made as herein provided may not be withdrawn without consent of the parties.

Federal Rule of Civil Procedure 38(b), (d) (1966).  The language of the federal rule has changed slightly since 1966.  But, apart from extending the period for making a jury demand from 10 to 14 days, the changes are stylistic and the rule remains substantively the same, according to the advisory committee notes that accompanied the amendments to the rule.

3

case by "filing a demand therefor in writing either as a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service ...."  Maryland Rule 2-325(a).  The rule further requires that the demand be filed "within 15 days after service of the last pleading filed by any party directed to the issue [to be tried by a jury]."  Maryland Rule 2-325(b).  Similar to the federal rule, failure to make a timely jury demand constitutes a waiver of the right to a jury trial.  *Id*.

*The Purposes of the Rule*

The requirement of a jury demand is not intended simply to burden the exercise of the jury trial right or to create hurdles to its invocation.  These rules have a specific purpose, as any regulation should.  Consider the common elements of the federal and Maryland rules:

1 – *documentation* – The jury demand must be made in writing.  An oral demand or a statement to the court or to an opposing party does not suffice.  The jury demand must be documented in writing so that all parties will know how the case is to be tried.

2 – *timing of notice* – The jury demand must be made early in the action – within about two weeks after the last pleading concerning the issue on which a jury trial is sought.  The rules are thus designed to ensure that the trial court, and all parties, are aware early in the litigation, that a party has invoked its constitutional right and that the matter will be tried before a jury.  The manner in which parties pursue discovery and other pre-trial matters may be shaped by whether the matter will be tried as a bench or a jury trial.

4

3 – *flexible format* – Neither rule dictates a precise format for a written jury demand – consistent with the policy of not burdening the constitutional right. Both rules allow for a jury demand to be included in a pleading, but neither requires it. The federal rule uses the all-encompassing term "written demand" (which may be a pleading); the Maryland rule states that a written demand not contained in a pleading may be filed "as a separate paper" – *i.e.,* a paper separate from a pleading itself. There is no indication in the language or history of the Maryland rule that it was meant to be more restrictive than the federal rule; indeed, the source note for the rule suggests just the opposite.

Thus, both rules are are designed to ensure that a party's invocation of the constitutional right is documented and that all parties are on notice early in the case of that invocation, but in both instances the format for providing such documentation and notice is flexible.

*Case Information Forms*

Rules governing trial courts in most jurisdictions require that a plaintiff file a case information form together with a complaint to provide key information about the new civil action. In federal court, this is known as a civil cover sheet.[4] In Maryland, the form is known generically as a case information report or "CIR."[5] As is the case in the federal form,

---

[4] Form JS 44 (Rev. 12/12); *see* <http://www.uscourts.gov/forms/civil-forms/civil-cover-sheet-cmecf-version-511-and-later>.

[5] There are two versions of the form, depending on the type of civil case: one is entitled the "Civil-Non-Domestic Case Information Report"; the other is entitled the "Civil-(continued...)

5

the CIR includes a pair of boxes where the plaintiff indicates whether or not the case is to be tried before a jury.

The question before us – as articulated in *Duckett* – is whether a completed CIR that demands a jury trial and that is timely served on the opposing party is a separate "paper" that satisfactorily preserves the party's jury trial right under Maryland Rule 2-325.

*What is a "Separate Paper"?*

There is, of course, no definition of "paper" in the Maryland Rules.[6] To the extent that one can derive the characteristics of a "paper" from the rules' requirements with respect to the size, format, and signing of "papers," a served CIR complies with all of those requirements. *See* Maryland Rules 1-301(a) (a "paper" is to contain names of parties, the matter, name of court, docket reference, brief descriptive title); 1-301(c) (a "paper" is to be 8 ½ inches wide and 11 inches long and is not to include a back or cover); 1-311 (a "paper" is to be signed by party or by attorney admitted to practice in Maryland).

Apart from the prescriptions concerning size, format, and signature, the only essential requirements for a "paper" making a jury demand are that the filing convey the party's intent and that it be served on the other parties. There is no dispute that a one-page document entitled "Jury Demand" that bears a single sentence – "The Plaintiff demands a jury trial" –

___

[5] (...continued)
Domestic Case Information Report."

[6] The term "paper" may well be on its way to obsolescence. I note that the rules governing electronic filing have employ a different term – "submission" – to refer to filings. *See, e.g.,* Maryland Rule 20-106.

6

and that is served on the other parties would suffice for purposes of Rule 2-325. McCormick

conceded at oral argument that such a document would suffice. Undoubtedly, this form of

jury demand is used frequently in Maryland courts.[7] For purposes of this opinion, I will

refer to it as the "standard jury demand."

The Majority opinion struggles to devise a definition of "paper" that would exclude

a served CIR, but those definitions actually would encompass a served CIR and, ironically,

some of those definitions would exclude the standard jury demand:

- The Majority opinion quotes a definition of "paper" found in a prominent legal dictionary. Majority slip op. at 12 n.11 (quoting the definition of "paper" in Black's Law Dictionary (10th ed. 2014)). That definition – "[a]ny written or printed document or instrument" – would encompass a served CIR as well as the standard jury demand. But the Majority rejects that definition as inappropriate for the purpose of "legal matters." It then resorts to one of 13 definitions of that noun offered by a general dictionary, but finds that definition to be too broad as well, perhaps because a completed CIR would also fit within that definition. *Id.* (quoting a definition of "paper" from Webster's Third International Dictionary, Unabridged (2002)).

- The Majority opinion describes a "paper" as a document that "notifies parties of the mode of the trial and the substance of the allegations asserted and relief sought in the case." Majority slip op. at 11. A completed CIR is the quintessential document that provides information as to the mode of trial – there is a check-off box for a jury trial – as well as the allegations and relief sought – there are other check-off boxes for indicating the nature of the action, the damages or other relief sought, and the likely length of trial. By contrast, few other "papers" filed in

---

[7] This is essentially the form for demanding a jury trial recommended by a prominent treatise on the Maryland Rules. *See* Paul V. Niemeyer, et al., *Maryland Rules Commentary* (3d ed. 2003 & 2013 Supp.) at 225 ("The form of demand is simple and need only express the pleader's intent...").

7

an action cover all those bases. Of those that do, few are as comprehensive as a CIR. The standard jury demand says nothing about specific allegations, or the relief sought.

- The Majority opinion characterizes a "paper" as "a document, printed or written, that is filed in conjunction with court pleadings." Majority slip op. at 12. A served CIR is certainly a "printed or written document" and there are few documents that are filed more "in conjunction with" a pleading than a CIR, as the CIR must be physically attached to the complaint.

- The Majority opinion states that "the purpose of a paper is to convey supporting documentation to the court ... which may include information and/or evidence in support of a party's position." Majority slip op. at 12-13. A completed CIR does indicate the nature of a case and relief sought, although it does not include "evidence" on the merits. The standard jury demand does not fit this description of "paper" in any respect.

- The Majority opinion contrasts a "paper" as something that "originates with a litigant or interested party" with a CIR, which it characterizes as "a court-produced document." Majority slip op. at 13. It is true that, like other court forms, a blank CIR is a "court–produced document." But, as with most other court forms, a *completed* form originates with a litigant. A visit to the mdcourts.gov website discloses a lengthy list of court forms which are to be completed by a litigant or the litigant's attorney for filing as papers in litigation. *See* Maryland Court Forms at <http://mdcourts.gov/courtforms/index.html>. The fact that a blank version of the form was created by the courts does not by itself disqualify a completed form from being a "paper."

Instead of inventing a definition of "paper" to reach a particular end result in this case, we should look to the purposes of the requirement of a jury demand and assess whether a served CIR fulfills those purposes. As outlined above, the purposes that animate Maryland Rule 2-325 and its ancestor, Federal Rule 38, are to document the request for a jury trial and to provide prompt notice to the court and parties that a party is exercising that constitutional

8

right. A completed CIR that is served on other parties at the outset of a case serves those purposes.

Perhaps the strongest argument that a served CIR should not serve as a jury demand – and one relied upon by the Court of Special Appeals in this case[8] – is a statement in Maryland Rule 16-202(b)(3) that "[t]he information contained in the information report shall not be used for any purpose other than case management." That rule might be read to prohibit any reference to a CIR in determining whether there is a proper jury demand, although the rule does not actually say that. On the other hand, whether a case is to be tried before a jury is an important factor in case management. Reference to the CIR to determine whether a party has made a timely jury demand would not appear to contradict the direction in Rule 16-202(b)(3) that the information in a CIR is to be used for case management.

*The Duckett Case*

Apart from attempting to define "paper" in a way that excludes a served CIR, the Majority opinion repeatedly states that Rule 2-325 is "unambiguous"[9] and suggests that the *Duckett* case already resolved that a completed CIR could *never* be a proper jury demand. The *Duckett* decision belies both of those assertions.

In *Duckett*, this Court considered whether a completed CIR, which indicated that the plaintiff wished to have a jury trial but which had *not* been served on the defendant, sufficed

---

[8] 219 Md. App. 592, 601, 101 A.3d 530 (2014).

[9] *See* Majority slip op. at 12, 13, 17.

9

as a timely jury demand for purposes of Rule 2-325. This Court discussed at some length the term "paper" in the rule, noting that the inclusion of that term in the rule meant that a jury demand need not be made in a pleading. At the end of the discussion, the Court concluded that "the term 'paper' *ordinarily* does not encompass a case information report" and identified the plaintiff's "misstep" as her failure to serve the completed CIR on the defendant. 428 Md. at 482 (emphasis added). As noted at the outset of this opinion, the Court explicitly did not decide whether a completed CIR that had been timely served on the defendant would have satisfied the rule. *Id*. at 482 n.7.

The Majority opinion ignores the *Duckett* Court's use of the term "ordinarily" in its holding and downplays its explicit statement that it is an "open question" whether a served CIR would satisfy Rule 2-325. It is true, as the Majority opinion states, that the *Duckett* opinion raises questions about the status of a CIR as a "paper," but the *Duckett* Court did not conclusively resolve that issue. Its decision turned on the fact that the CIR in that case had not been served on the opposing party – a factor that undermined the essential purpose of giving notice – and left open whether satisfaction of that purpose, by serving the CIR, would lead to a different result.

We cannot simply say that *Duckett* already resolved this question. At most, one could say the *Duckett* opinion gave mixed signals on how it should be resolved. The Court of Special Appeals dealt with those mixed signals as best it could. But we are in a position to provide greater clarity.

10

Like this Court in *Duckett*, federal courts have held that checking off the "jury" box on an *unserved* civil case information sheet does not satisfy the requirements for jury demand under Federal Rule 38. However, the Second Circuit has concluded that "[a] *timely served* civil cover sheet on which the 'Jury Demand' box is checked can, without more, constitute a proper jury demand...." *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (emphasis in original). The Maryland federal district court recently reached the same conclusion in a case that had begun in Maryland state court and was removed to federal court. *Lu v. Johnson*, 2010 WL 672935 (D.Md. 2010). In that case, the court held that a completed CIR that had been timely filed and served on opposing parties while the case was in state court sufficed to preserve the party's right to a jury trial in federal court. *Id*. at *2. In reaching that decision, the court noted that, in both venues, "[t]he primary interest is the need to provide fair and prompt notice to all litigants." *Id*. at *1.

*Conclusion*

In my view, we should answer the "open question" in *Duckett* in the affirmative – *i.e.*, a completed CIR that invokes a party's constitutional right to a jury trial and that is timely served on other parties is a "paper" that makes a proper jury demand, as it is a written document satisfies the purposes of the rule: documentation and timely notice.

The result reached by the Majority opinion creates a trap that does not serve the purposes of the rule. As the Court of Special Appeals noted in its opinion in this case, nothing in the CIR form itself – which is completed by *pro se* parties as well as attorneys –

11

warns a litigant that checking "yes" on the box for "JURY DEMAND" would be ineffective to assert the constitutional right to a jury trial.[10] The Maryland Rules, which the Majority opinion repeatedly characterizes as "precise rubrics,"[11] are to be construed "to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." Maryland Rule 1-201(a). A "precise rubric" is only as fair and just as the decisions that interpret it and the forms that implement it.

---

[10] 219 Md. App. at 604 n. 9.

[11] Majority slip op. at 10, 14, 16.

12